(December 3, 1896.)

## HOLCOMB v. REED.

[46 Pac. 1019.]

UNDERTAKING ON APPEAL—JUSTIFICATION OF SURETIES—DISMISSAL OF APPEAL.—Notice of filing exceptions to the sufficiency of sureties to an undertaking on appeal should be given to the adverse party. Under the facts of this case, *held*, that appellant had sufficient time in which to have sureties justify or to file a new undertaking after notice in open court of filing exceptions.

(Syllabus by the court.)

APPEAL from District Court, Bannock County.

H. V. A. Ferguson, for Appellant.

Unknown to appellant or his counsel, the respondent's attorney went into the probate court and filed an exception to the sufficiency of appellant's sureties on appeal. When the appeal was about to come up for argument in the district court, respondent's attorney then gave verbal notice that he had excepted to the sureties. We contend that appellant or his counsel was entitled to notice of the fact that the sureties were excepted to. (*Lewis v. Lewis,* 4 Or. 209; *Culliford v. Gadd,* 51 N. Y. St. Rep. 609, 22 N. Y. Supp. 539; *Hoffman v. Smith,* 34 Hun (N. Y.), 485; *Reynolds v. County Ct. San Joaquin,*

47 Cal. 604-606.) Where a bond is duly approved, the sureties are presumed to be sufficient, and cannot be compelled to justify unless evidence is offered by appellee tending to show insecurity. (*Petillon v. Gilman,* 86 Ill. 401.)

W. C. Love, for Respondents.

Appeals from the probate court are taken by filing notice with the probate judge and serving copy on the adverse party, and within thirty days from the rendition of judgment, filing with said judge an undertaking on appeal. Exception may be made to the sufficiency of the sureties within five days after filing the undertaking. This was done in this case. The statute makes no requirement of service of notice on appellant. (Idaho Rev. Stats., sec. 4842.) In an appeal, all jurisdictional prerequisites must be performed. (*Coker v. Superior Court,* 58 Cal. 178; *Wood v. Superior Court,* 67 Cal. 115, 7 Pac. 200; *McCracken v. Superior Court,* 86 Cal. 75, 24 Pac. 845.)

SULLIVAN, J.—This is an appeal from an order of the district court of Bannock county dismissing an appeal from the probate court of said county, and from the judgment of dismissal. The facts are as follows, as disclosed by the transcript: Judgment was made and entered against the appellant, Reed, by the probate court of Bannock county, and thereafter an appeal was taken to the district court of said county. The appellant filed his undertaking on appeal on November 9, 1895, and on the thirteenth day of said month the plaintiffs, by their attorney, duly filed exceptions to the sufficiency of defendant's sureties to said undertaking. No notice of the filing of said exceptions was served on appellant or his attorney. On the eighteenth day of November the case came on for trial in the district court, and counsel for respondents was then notified in open court that said sureties had been excepted to. Thereafter, and on the nineteenth day of November, the cause came on to be heard on the motion to dismiss the appeal, whereupon counsel for respondents consented to give appellant two days' time for the sureties to appear and justify; and on the twenty-first day of November, the sureties having failed to appear and justify, the appellant asked for further time in which to file

an undertaking, and the court granted said request, and extended the time to November 23d, whereupon, on the 23d of November, no undertaking having been filed, the cause came on for hearing on motion to dismiss the appeal, and, after hearing the argument of counsel, and as the record recites, the court, being fully advised in the premises, ordered the appeal dismissed. The contention of appellant is that he was entitled to notice of the filing of exceptions to the sufficiency of the sureties, and that such notice was not served on him.

Under the provisions of section 4842 of the Revised Statutes, the adverse party may except to the sufficiency of the sureties on an undertaking on appeal. Said section does not, in terms, require notice of the filing of such exception to be served on the appellant or his attorney. But professional courtesy and the better practice require such notice to be served. However, in this case the time for the sureties to justify or for the filing of another undertaking was extended from the 18th of November to the 23d of that month, with full notice to appellant's counsel; and the record shows that they failed to appear and justify, and respondents failed to offer a new undertaking. Under that state of facts, the court did not err in dismissing said appeal. The judgment of the court below is sustained. Costs of this appeal awarded to respondent.

Morgan, C. J., and Huston, J., concur.