'(June 14, 1904.)'

## PERKINS v. BRIDGE.

[77 Pac. 329.]

UNDERTAKING ON APPEAL—SURETIES—JUSTIFICATION—FAILURE OF SURETIES TO JUSTIFY—NEW UNDERTAKING—FILING TRANSCRIPT—RULE OF COURT.

1. Under the provisions of section 4838, Revised Statutes, an appeal may be taken within thirty days after the rendition of a judgment by a probate judge or justice of the peace, and the appeal is taken by filing a notice of appeal with the justice or judge and serving a copy on the adverse party.

2. Under the provisions of section 4842, Revised Statutes, such appeal is ineffectual for any purpose unless an undertaking be filed with two or more sureties, and the adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, and unless they, or other sureties, justify within five days thereafter, upon notice to the adverse party to the amount stated in their affidavits, the appeal must be regarded as if no undertaking had been given.

3. In case such sureties fail to appear and justify, the undertaking signed by them is void, but the appellant may file a new undertaking at any time prior to the expiration of the thirty day period given in which to take the appeal, but notice of the filing of such undertaking ought to be given to the adverse party.

4. The rule of the district court requiring the transcript on appeal in all cases appealed from a justice's court to be filed in the district court within ten days after such appeal is perfected, and if not so filed the appeal may be dismissed on motion is not jurisdictional and should be applied with discretion.

(Syllabus by the court.)

APPEAL from District Court of Idaho County. Honorable Edgar C. Steele, Judge.

. This is an action in forcible entry and detainer. Judgment of dismissal on motion of the plaintiff. Reversed.

Allen Miller and W. N. Scales, for Appellant.

"To effectuate an appeal," says Broderick, J., in delivering the opinion of the court in *Salt Lake Brewing Co. v. Gillman,* 2 Idaho, 195, 10 Pac. 32, "three things are required: The filing of the notice of appeal with the justice, service of a copy of the notice on the adverse party, and the filing of the undertaking. All three must be done within thirty days after the rendition of the judgment, and are jurisdictional prerequisites, but the order in which they are done is not material." The failure to justify destroys the bond for the purpose of the appeal. (*City of Tacoma v. Tacoma etc. Co.,* 28 Wash. 238, 68 Pac. 723; *Hosford v. Logus,* 13 Or. 130, 11 Pac. 900; *State v. Napton,* 24 Mont. 450, 62 Pac. 686; *Spurlock v. Port Townsend S. R. Co.,* 12 Wash. 34, 40 Pac. 420; *Davelin v. Post Falls etc. Co.,* 4 Idaho, 735, 44 Pac. 554; *Holcomb v. Reed,* 5 Idaho, 60, 46 Pac. 1019; *Numbers v. Rocky Mt. Tel. Co.,* 7 Idaho, 408, 63 Pac. 381.)

W. H. Casady and Fogg & Nugent, for Respondent.

That appellant contends that the failure of sureties to justify under section 4842, Revised Statutes of 1887, after exception taken, destroys the bond for the purposes of the appeal and not the appeal. We contend that it destroys the appeal and submit that our view is sustained both by the decisions and the principles upon which the decisions are based. So far as we are able to find there is but one decision directly on this point and this decision is under the California practice act, which is identical with our present statute. "It was necessary that the sureties should justify within five days after the notice of exception, and the failure to do so rendered the appeal a nullity." (*Roush v. Van Hagen,* 17 Cal. 121.) Under an identical statute, held that this requirement is mandatory. (*State v. Napton,* 24 Mont. 450, 62 Pac. 686; *Wood v. Superior Court,* 67 Cal. 115, 7 Pac. 200.)

SULLIVAN, C. J.—This is an action in forcible entry and detainer commenced in a justice's court of Idaho county. The judgment of that court was for the plaintiff and was entered on the tenth day of June, 1903. On June 22, 1903, the defendant filed and served his notice of appeal, and on the same day filed an undertaking on appeal. On June 25th plaintiff filed and served exception to sureties on said undertaking. On July 1, 1903, the defendant, who is appellant here, served notice that the sureties would appear and justify at 5 o'clock on that evening. The sureties failed to appear and justify. On July 2, 1903, appellant filed a new undertaking on appeal, and on July 3, 1903, he served notice on the respondent that he had filed a new undertaking on appeal in lieu of the original one. On August 3, 1903, the transcript in the case was filed in the district court. On the eleventh day of September, 1903, the plaintiff served his motion to dismiss the appeal on the ground, among others, that the sureties on the original undertaking had not appeared and justified according to notice, nor had any sureties justified thereon nor on any undertaking on said appeal. There is no dispute as to the facts. The motion to dismiss the appeal was sustained by the court.

It appears from the record that the motion to dismiss was made on two specific grounds, to wit: 1. The failure of the sureties to justify on exception to their sufficiency; 2. That the transcript on appeal to the district court was not filed within ten days after such appeal was perfected as provided by the rules of said court.

There is but one question presented by the record for determination and that is, whether the court erred in sustaining said motion to dismiss. Section 4838, Revised Statutes, provides that an appeal may be taken from a judgment in a civil action in a probate or justice's court at any time within thirty days after the rendition of the judgment, and that the appeal is taken by filing a notice of appeal with the justice or judge and serving a copy on the adverse party. Section 4842, Revised Statutes, provides, among other things, that an appeal from a probate or justice's court is not effectual for any purpose unless an undertaking be filed with two or more sureties, etc. Said

last-cited section further provides that the adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, and unless they or other sureties justify before the justice or judge from whom the appeal is taken within five days thereafter upon notice to the adverse party, the appeal must be regarded as if no such undertaking had been given. It will be observed from the above-stated facts that on July 1, 1903, defendant served a notice that the sureties would appear and justify at 5 o'clock that evening. They failed to appear, and on the next day, July 2, 1903, defendant filed a new undertaking on appeal, and on the third day of July notified counsel for respondent of that fact.

Neither of said sections provides the time within which the undertaking on appeal must be filed after the service of the notice of the appeal. The judgment was rendered on the tenth day of June, 1903, and the second undertaking was filed on the second day of July following. Thus it appears that the second undertaking was filed within twenty-two days after the rendition of the judgment, eight days prior to the expiration of the thirty days allowed for taking the appeal. In taking an appeal from a judgment of the district court to the supreme court of the state, the statute provides that the appeal is ineffectual for any purpose unless within five days after the service of the notice of appeal an undertaking be filed. (Rev. Stats., sec. 4808.) But the time within which the undertaking must be filed after the notice of appeal has been served is not prescribed by statute in appeals from a justice's court, and if the undertaking is filed within the time in which an appeal may be taken, which is thirty days after the rendition of the judgment, it is filed in time.

The language used in the latter part of said section 4842, Revised Statutes, clearly indicates that the failure of the sureties to justify after their sufficiency has been excepted to destroys the bond for the purpose of the appeal and not the appeal. The statute provides that an appeal is taken by filing and serving notice thereof. As stated by counsel for appellant, "The appeal is a living entity, separate and apart from the bond." It lives thirty days after the rendition of judgment;

at the end of that time it dies unless a proper undertaking has been filed. The words of the statute are: "The appeal must be regarded as if no such undertaking had been given"; that is, if the sureties excepted to, fail to justify. If no such undertaking had been given, then while there was life in the appeal, appellant had the right to file the proper undertaking. The first attempt to give a bond was a nullity—a void act. And we think it is clear under the provisions of our statute that a sufficient undertaking may be filed at any time before the thirty day period above referred to has expired. In case the sureties fail to appear and justify when required to do so, of course the undertaking that they have signed is void—is of no force or effect. As the statute gives the full thirty days in which to perfect an appeal if a second undertaking is filed within that time, and on proper notice to the opposing party, that is sufficient.

In *Starling v. Burdette,* 28 Wash. 261, 68 Pac. 723, the supreme court of Washington held that the bond in that case became void because the sureties failed to justify. The trial court granted the appellant the right to file a new bond, which he failed to do. In the case of *Spurlock v. Port Townsend S. R. Co.,* 12 Wash. 34, 40 Pac. 420, the sureties on the appeal bond failed to appear and justify and the appellant filed a new bond within the statutory time, and that was held a sufficient compliance with the statute. Where the sureties fail to appear and justify and a new bond is filed by the appellant, notice of the filing of such bond ought to be given to the opposing party.

As touching upon the question under consideration, see *Holcomb v. Reed,* 5 Idaho, 60, 46 Pac. 1019; *Numbers v. Rocky Mt. etc. Co.,* 7 Idaho, 408, 63 Pac. 381.

Counsel for appellant does not discuss the second ground of respondent's motion to dismiss, which was to the effect that the transcript was not signed in the district court within the time required by rule XV of said court, but states that the district judge dismissed the appeal solely and entirely on the ground that a new undertaking was not a sufficient compliance with the statute though filed within the time allowed by law for taking an appeal and notice of filing given. The record would indicate that the evil intended to be avoided by such rule never

arose in this case, as the transcript on appeal was filed August 3, 1903, and the district court did not convene until September 7, 1903; thus more than thirty days intervened between the filing of the transcript and the opening of the term of court at which said action was to have been tried. That rule of the court is not jurisdictional and should be applied with discretion. (*Stevenson v. Caldwell*, 14 Mont. 311, 36 Pac. 185.)

It does not appear that any prejudice resulted to the respondent because of the failure to file said transcript within the time required by said rule. The judgment of dismissal must be set aside, and it is so ordered, and the cause remanded for further proceedings in accordance with the views expressed in this opinion. Costs of this appeal are awarded to the appellant.

Stockslager, J., and Ailshie, J., concur.