(June 8 1905.)

## SNYDER v. WOODEN.

[81 Pac. 377.]

JUSTICE COURT PRACTICE—APPEAL TO DISTRICT COURT—JUSTIFICATION OF SURETIES—NEW SURETIES.

1. Where an appeal is taken from a justice's court to the district court and an undertaking on appeal is filed within thirty days after the entry of judgment in the justice's court, and the adverse party excepts to the sufficiency of the sureties, the appellant under the provisions of section 4842, Revised Statutes, may cause his original sureties or "other sureties" to justify before the justice of the peace within five days after the exception is taken, and at the time of justifying other sureties may execute a separate and new undertaking and justify thereto.

2. Where respondent excepts to the sufficiency of sureties on an appeal bond he may thereafter waive the justification of sureties or accept a new undertaking in lieu of the original and waive justification of the new sureties.

(Syllabus by the court.)

APPEAL from the District Court in and for Ada County. Honorable George H. Stewart, Judge.

The district court dismissed an appeal taken from a justice's court and from the judgment of dismissal the appellant appealed to the supreme court.   Reversed.

Carl Paine and C. C. Cavanah, for Appellant.

"Sec. 4842.   An appeal from a justice's . . . . court is not effectual for any purpose, unless an undertaking be filed, with two or more sureties, in the sum of one hundred dollars, for the payment of costs on the appeal. . . . . The adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, and unless they or other sureties justify before the justice . . . . from whom the appeal is taken, within five days thereafter, upon notice to the adverse party, to the amounts stated in their affidavits, the appeal must be regarded as if no such undertaking had been given."   The obvious intention of the legislature in enacting this section was to provide the respondent with a remedy against straw bonds.   This being the only purpose of the statute, a respondent may avail himself thereof or not, or he may except to the sufficiency of the sureties and afterward waive justification.   On this question the supreme court of California has said: "That the facts show a waiver on the part of the defendant of a justification on the part of the sureties does not admit of argument.   To hold otherwise would enable the defendant to take advantage of his own wrong. Nor does the capacity of the defendant to make the waiver admit of debate.   A party may waive the performance of an act intended for his benefit and security.   He might have waived a bond altogether—an act which is frequently done, much more a justification of the sureties."   (*Blair v. Hamilton,* 32 Cal. 54; 2 Spelling on New Trial and Appellate Practice, pp. 1216, 1217; *Bank of Escondido v. Superior Court of San Diego,* 106 Cal. 43, 39 Pac. 211; *Ballard v. Ballard,* 18 N. Y. 491; *Winona Paper Co. v. First Nat. Bank of Kalamazoo,* 33 Ill. App. 631; *Cummins v. Scott,* 23 Cal. 526; *Winton v. Kirby et al.,* 6 S. Dak. 98, 60 N. W. 409; *Gardner v. California Guarantee etc. Co.,* 129 Cal. 528, 62 Pac. 110;

*National Safe etc. Co. v. People,* 50 Ill. App. 336; *Fisk v. Mitchell,* 124 Cal. 359, 57 Pac. 149.) We contend that the respondent should have limited his appearance to the motion to dismiss the appeal, and that, after waiving a jury and consenting to a trial on the merits by the court, respondent's motion to dismiss for want of an undertaking on appeal came too late. There can be no question that objections to the jurisdiction of the court for want of an undertaking may be waived or lost through laches, and we believe that the authorities warrant us in asserting that the respondent is barred by his general appearance from objecting to the jurisdiction of the lower court. (2 Spelling on New Trial and Appellate Practice, sec. 527; *Thompson v. Lea,* 28 Ala. 453; *Norris v Munroe,* 128 Mass. 386; *Slattery v. Haskin,* 42 Hun (N. Y.), 86; *Estate of Marshall,* 118 Cal. 379, 50 Pac. 540; *Coby v. Halthusen,* 16 Colo. 10, 26 Pac. 148; *State Bank of St. John v. Gruver,* 7 Kan. App. 695, 51 Pac. 915; *Allen v. Belcher,* 8 Ill. 596; *Clifford v. Eagle,* 35 Ill. 444; *Center v. Gibney,* 71 Ill. 557; *Tisdale v. Minonk,* 46 Ill. 9; *Randolph Co. v. Ralls,* 18 Ill. 30; *Wheeler & Wilson Mfg. Co. v. Burlingham,* 137 Mass. 581; *Weidner v. Mathews,* 11 Pa. St. 340; *Engle v. Rowan* (Tex. Civ. App.), 48 S. W. 757.)

J. C. Johnston, for Respondent.

It is a well-settled principle of law that an attorney, for his client, cannot waive the time in which an appeal must be taken, and the waiver contended for in this case was simply a waiver of justification of the sureties on the new bond, and this waiver was made at a time when the right of appeal was lost, and hence was of no force nor effect. (*Wittram v. Commelin,* 72 Cal. 89, 13 Pac. 160.) A failure to comply with the provisions of the statute of the rules of court in taking an appeal cannot be cured by stipulation. (*Penny v. Nez Perce County,* 4 Idaho, 642, 43 Pac. 570.) The filing of an undertaking cannot be waived by stipulation made after the right of appeal is lost. (2 Spelling on New Trial and Appellate Practice, sec. 661, p. 1392; *Perkins v. Cooper,* 87 Cal.

241, 25 Pac. 411; *Palmdale Irr. Dist. v. Rathke,* 91 Cal. 538, 27 Pac. 783; *McCracken v. Superior Court,* 86 Cal. 74, 24 Pac. 845, 846; *In re Pearson's Estate,* 119 Cal. 27, 50 Pac. 929; *Gardner v. California Guarantee etc. Co.,* 129 Cal. 528, 62 Pac. 110; *In re Scott's Estate,* 124 Cal. 671, 57 Pac. 654.)     The sureties on the first bond filed never having justified, the bond was void.     (*Perkins v. Bridge,* 10 Idaho, 189, 77 Pac. 329, 330; *Salt Lake Brewing Co. v. Gillman,* 2 Idaho (195), 182, 10 Pac. 32; *State ex rel. Cobban v. District Court of the Second Judicial District of Silver Bow County,* 30 Mont. 93, 75 Pac. 862; *Moe v. Harger,* 10 Idaho, 302, 77 Pac. 645; *Humbird Lumber Co. v. Morgan,* 10 Idaho, 327, 77 Pac. 433; 2 Spelling on New Trial and Appellate Practice, sec. 543, p. 1156.)   Spelling on New Trial and Appellate Practice lays down the following rule as to appeals from justice courts in the state of California: ''An appeal may be taken from a justice's court to the superior court at any time within thirty days after the rendition of the judgment.     To effectuate the appeal three things are necessary, viz.: The filing of a notice of appeal with the justice; the service of a copy of the notice upon the adverse party, and the filing of a written undertaking; and all of these things must be done within thirty days after the rendition of the judgment.     All these are jurisdictional prerequisites.     None of them can be dispensed with, nor can any of them, if not done, be supplied, or, if fatally defective, be remedied after the time limited by the statute; for until all the prerequisites are completed, the appeal is not effectual for any purpose.''     (2 Spelling on New Trial and Appellate Practice, sec. 745; *Corker v. Superior Court,* 58 Cal. 178; *McCracken v. Superior Court,* 86 Cal. 74, 24 Pac. 845; *Dutertre v. Superior Court,* 84 Cal. 535, 24 Pac. 284; *Rudolph v. Herman,* 2 S. Dak. 399, 50 N. W. 833.)     The second or new bond filed was void, because it was not filed within the time within which the appeal could be taken or while ''the appeal was a living entity.''     And because, at the end of the thirty day period, the appeal dies unless a proper undertaking has been filed.     (*Van Auken v. Dammerer,* 27 Or. 150, 40 Pac. 89;

*Penny v. Nez Perce Co.*, 4 Idaho, 642, 43 Pac. 642, 570;
*Perkins v. Cooper*, 87 Cal. 241, 25 Pac. 411.)

AILSHIE, J.—This case was originally commenced in a
justice's court, and was thereafter appealed to the district
court. From an order and judgment of the district court dis-
missing the appeal so taken this appeal was prosecuted. The
appeal from the justice court was dismissed by the district
court on the ground that the appellant had failed to give an
undertaking as required by law. The judgment of the jus-
tice's court was entered on November 3, 1904. Notice of ap-
peal therefrom was filed and served on November 3, 1904.
Thereafter, and on December 2d, an undertaking on appeal
was filed, and on December 6th the plaintiff and respondent
served and filed his exception to the sufficiency of the sure-
ties. On December 9th the defendants and appellants served
and filed notice that on the tenth day of December, at 10
o'clock A. M., "H. M. Hughes and S. T. Davis, in lieu of W.
C. Lane, the sureties upon the undertaking of the defend-
ants," would justify before the justice of the peace. On the
same date the defendants filed an appeal bond signed by
Hughes and Davis, and the plaintiff's attorney, in company
with defendant's attorney, appeared before the justice of
the peace and waived the justification of the sureties and ac-
cepted the new· or substitute bond and the sureties thereon.
The papers were transmitted to the district court and the attor-
ney for the plaintiff and respondent appeared in that court
and waived a jury. Thereafter the attorney for the plaintiff
withdrew from the case and the cause was set for trial March
10, 1905, at 10 o'clock A. M. Before the day set for the trial
of the case, the plaintiff appears to have employed the counsel
who appears for him in this court, and on the seventh day of
March, through such counsel, filed his motion to dismiss the
appeal, which was sustained by the court. Respondent takes
the position here that, since the old sureties did not justify
and *other* sureties signed and executed a new and separate
instrument, which was filed in lieu of, and as a substitute for,
the original bond, and which acts were done more than thirty

days after the entry of the judgment, the appeal became in-effectual and inoperative, and the court lost jurisdiction to hear such appeal. We are cited to *Perkins v. Bridge,* 10 Idaho, 189, 77 Pac. 329, as authority for the position taken by the re-spondent. We do not think that case is applicable to or de-cisive of the question presented here. There the sureties on the original bond did not attempt to justify, nor did the appellant produce other sureties in their stead for the purpose of justification. On the other hand, his thirty days in which to perfect his appeal had not expired, and within that period of time he filed a new and independent undertaking, and this court held, in substance, that the appeal was taken by the filing and service of a notice of appeal, and that those acts would keep the appeal alive for a period of thirty days from the entry of the judgment, and that a good and sufficient undertaking filed within that time would perfect the appeal and preserve the jurisdiction. By section 4838, Revised Stat-utes, it is provided that ''the appeal is taken by filing a notice of appeal with the justice or judge, and serving a copy on the adverse party.'' By section 4842 it is provided that ''an appeal from a justice's or probate court is not effectual for any purpose unless an undertaking be filed with two or more sureties,'' etc. While the statute does not in so many words prescribe the time within which the undertaking must be filed, this court and the courts of states having a statute like ours have uniformly held that such undertaking may be filed within thirty days after the entry of the judgment. (*Salt Lake Brewing Co. v. Gillman,* 2 Idaho, 195, 10 Pac. 32; *Coker v. Superior Court,* 58 Cal. 177.) This latter section closes with the following sentence: ''The adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, and unless they or other sureties justify before the justice or judge from whom the appeal is taken, within five days thereafter, upon notice to the adverse party, to the amounts stated in their affidavits, the appeal must be regarded as if no such undertaking had been given.'' Under this statute the appellant has the full thirty days in which to file his undertaking, and the respondent has five days

after the filing of the undertaking in which to except to the sufficiency of the sureties, and the appellant is thereupon given a further period of five days in which to cause the sureties "or other sureties" to justify. It may, and often will, happen that one or both of the sureties upon appellant's original bond cannot justify, and the statute has therefore provided that "other sureties" may justify within the five day period. In this case it would appear that appellant was unable to have one of his sureties (Lane) justify, and he therefore substituted in his stead Mr. Davis. The statute does not say whether the "other sureties" shall sign the original undertaking or a new undertaking, but it would seem to be reasonable, and the safer and better practice, to have a new undertaking executed and filed in such case and the sureties justify thereto.

Mr. Spelling, in volume 2 of his New Trial and Appellate Practice, section 571, seems to take this view of the matter and says: "Where new sureties are substituted for the original, there appears no other method by which such substitution and justification can be accomplished than by the execution of a new undertaking." It is argued, however, by respondent, that, since the new sureties did not in fact justify as required in such cases, the substituted undertaking was invalid and void from the beginning, and never amounted to a compliance with the statute. This contention is completely answered by the waiver of respondent's counsel as to the justification of sureties and the acceptance of the new bond. Counsel for respondent might waive justification, or, in fact, he might have waived an undertaking altogether (*Blair v. Hamilton,* 32 Cal. 50; *Bank of Escondido v. Superior Court,* 106 Cal. 43, 39 Pac. 211; 2 Spelling on New Trial and Appellate Practice, sec. 572) ; and indeed it is a serious question in our minds if the counsel for respondent did not waive his right to be heard upon his motion to dismiss the appeal by generally appearing in the district court and waiving a jury trial.

The trial court erred in dismissing the appeal. The judgment will be reversed and the cause remanded to the district court, with instructions to vacate the order dismissing the

appeal and to assume jurisdiction and proceed with the case in harmony with the views herein expressed.    Costs awarded to appellants.

Stockslager, C. J., and Sullivan, J., concur.