[Civ. No. 404.   Second Appellate District.—June 19, 1907.]

## O. P. LANE, Petitioner, v. SUPERIOR COURT OF KINGS COUNTY, Respondent.

Appeal from Justice's Court—Effect of Failure of Sureties to Justify.—Upon an attempted appeal from the justice's court, where the sureties fail to justify when required to do so, the appeal must be regarded as if no undertaking had been given, and the cause remains in the justice's court until a new undertaking is filed or until the sureties justify.

Id.—Absence of Jurisdiction of Appeal—Prohibition.—In such case where the justification of the sureties was abandoned, and an undertaking was filed more than thirty days after the rendition of the judgment, the appeal is ineffectual, and the superior court has no jurisdiction thereof; and prohibition will lie to prevent the superior court from trying the case.

APPLICATION for writ of prohibition to the Superior Court of Kings County.   John G. Covert, Judge.

The facts are stated in the opinion of the court.

Robert W. Miller, M. L. Short, and Wheaton A. Gray, for Petitioner.

T. M. McNamara, and R. J. Hudson, for Respondent.

TAGGART, J.—Application for writ of prohibition.

One David Bonham commenced an action in the justice's court of Lucerne township, Kings county, against petitioner

to recover $200 as money had and received. Judgment was for defendant (petitioner here) for costs, and plaintiff appealed.

The judgment was rendered April 25, 1907, and on May 23, 1907, plaintiff served defendant with a notice of appeal to the superior court from said judgment. The same day he filed an undertaking on appeal reciting that his appeal was "from a judgment entered against him, in said action, in the said *Superior* Court," etc., and obligating the sureties in the sum of $300, instead of $100. On May 24th, the justice of the peace certified the records and papers in the case and filed them in the superior court. Defendant gave notice of exception to the sufficiency of the undertaking and of the sureties thereon on May 27, 1907, and on May 29th notice of intention of sureties to justify was served on defendant without time being fixed in the notice; after oral notice of the time and an adjournment of the hearing to May 31st, counsel for plaintiff in open court, on that date, stated that one of the sureties on the undertaking could not justify, and the court adjourned without any justification of any surety on that or any other undertaking.

Thereafter, on said thirty-first day of May, 1907, the plaintiff filed in the office of the clerk of the superior court an undertaking entitled: "In the Justice's Court of Lucerne Township, County of Kings, State of California," and in the cause mentioned, reciting that he has appealed "from a judgment made and entered against him in said action in the said *Superior* Court, in favor of the *plaintiff*" (himself), etc.

Notice of the filing of this bond as a new undertaking, and of the intention of the sureties thereon to justify before the superior court on June 1, 1907, was given to defendant the same day, and the latter appeared by counsel in the superior court at the time named in the notice and objected to the filing of a *new* undertaking on appeal in the said cause, on the grounds that no notice had been given defendant of the proceedings under which said undertaking was filed, and that the filing of a new undertaking and justification of sureties thereon was not authorized by law. The court overruled the objection and defendant excepted.

At the same time and place, all parties being in court by counsel, and notice being waived, defendant moved the dismissal of the appeal on the ground that the court had ac-

quired no jurisdiction of the case. He specified as reasons: That the original undertaking was fatally defective in that it described no judgment appealed from; that the sureties had failed to justify, and no other sureties had justified in their stead; that the new undertaking filed in the superior court more than thirty days after the rendition of the judgment in the justice court was ineffective. The superior court overruled this motion and set the case for trial June 20, 1907.

Petitioner (as defendant and respondent in that case) makes application to this court for a writ of prohibition to prevent the superior court of Kings county from proceeding with the trial of said cause.

We have stated the matter at length, since we think the mere statement of the facts give ample reasons for the issuance of the writ as prayed for.

Conceding the last undertaking filed to be sufficient in form and to have been filed in the proper court, it was ineffectual to perfect the appeal as it was not filed within thirty days after the rendition of the judgment. (Code Civ. Proc., secs. 974, 978; *Coker* v. *Superior Court,* 58 Cal. 178.) The justification of the sureties on the first undertaking having been abandoned, the appeal taken was ''not effectual for any purpose'' after May 25th (thirty days from the rendition of the judgment). The proceedings to justify on the only undertaking given within the statutory time extended that time only for the purpose of justification, and did not operate to give additional time within which a *new* and independent undertaking might be filed. The sureties having failed to justify, the appeal must be regarded as if no such undertaking had been given. (*Bennett* v. *Superior Court,* 113 Cal. 442, [54 Am. St. Rep. 354, 45 Pac. 684].) There was nothing before the superior court until the undertaking was filed, and, until the sureties justified, the cause remained in the justice's court. (*McCracken* v. *Superior Court,* 86 Cal. 76, [24 Pac. 845].) By the appeal attempted to be taken the superior court acquired no jurisdiction to entertain any proceeding in the case except a motion to dismiss the appeal.

It is unnecessary in ruling upon this application to determine whether or not the verified answer filed in the justice's court raised an issue involving the title or possession of real property. Conceding that it does, it would not give the superior court jurisdiction of the appeal here in question. None

of the authorities cited hold that a party can be brought within the jurisdiction of the court against his consent by any other than the statutory method.

In the case of *Santa Barbara* v. *Eldred*, 95 Cal. 378, [30 Pac. 562], an application for a transfer to the superior court was made to the police court on the statutory grounds provided by section 838 of the Code of Civil Procedure, and the application denied; the cause was tried by the police court and an appeal from the judgment taken to the superior court. The case was tried in the superior court without objection, and the question of whether the jurisdiction exercised by the superior court was original or appellate was under consideration by the supreme court on an appeal to that court from the judgment rendered by the superior court. The court says: "The police court had no jurisdiction to try the cause upon the merits, and it necessarily follows that the superior court had no appellate jurisdiction to try the cause at all. But the Superior Court had original jurisdiction of the subject matter, and . . . having jurisdiction over the subject matter, the court obtained jurisdiction over the parties when, *without objection*, they proceeded to trial upon the main issue. . . . The proper procedure would have been for the superior court to have set aside the judgment, and ordered the police court to remand the cause in accordance with section 838." There is nothing in the opinon in *Hart* v. *Carnall-Hopkins Co.*, 101 Cal. 160, [33 Pac. 633], to modify this statement of the law. (See, also, *Arroyo Co.* v. *Superior Court*, 92 Cal. 47, [27 Am. St. Rep. 91, 28 Pac. 54].)

In the case at bar, if a question of title or possession of real property be involved, the parties are not proceeding to trial *without objection*, and in such a case the superior court has no jurisdiction at all. Neither original by consent, or process, nor appellate because appellant failed to comply with the statutory requirements in attempting to appeal from the judgment in the justice's court.

It is proper, therefore, that a writ issue from this court prohibiting the superior court of Kings county from proceeding with the trial of said cause; and it is so ordered.

Allen, P. J., and Shaw, J., concurred.