[Civ. No. 689. Third Appellate District.—January 29, 1910.]

## STIMPSON COMPUTING SCALE COMPANY, a Corporation, Petitioner, v. SUPERIOR COURT OF YUBA COUNTY, Respondent.

Writ of Review—Scope of Writ—Proper Exercise of Jurisdiction—Dismissal of Appeal from Justice Court.—The writ of review cannot be made to perform the office of a writ for the correction of errors of law or fact. It involves only the question of jurisdiction. It will not lie to annul the action of the superior court in the proper exercise of its jurisdiction in dismissing an appeal thereto from the justice's court of which it acquired no jurisdiction.

Id.—Jurisdiction of Superior Court to Entertain Appeal.—The superior court has no jurisdiction to entertain an appeal where no bond for costs or deposit in lieu thereof has been given to pay the costs of the appeal, as required by the statute.

Id.—Time of Filing Undertaking—Notice—Insufficient Undertaking.—The undertaking on appeal from the justice's court must be filed within five days after the perfecting of the appeal, and notice of the filing of the undertaking must be given to the respondent. An undertaking on attachment given months prior to the appeal, by a foreign corporation, to secure damages and all costs including the costs on appeal to a superior court, and costs that may be awarded by any appellate court, is not sufficient to constitute a bond on appeal to the superior court, for want of filing within proper time, and for want of service on the respondent.

Id.—Jurisdiction not Waived by Filing Answer.—The jurisdiction of the appeal was not waived by the filing by the respondent of an answer in the superior court. Parties cannot waive jurisdiction of the subject matter nor confer it by consent.

Id.—Absence of Undertaking—Deposit in Superior Court in Lieu of Bond.—Where there was an entire absence of any undertaking on appeal, and not merely a defective undertaking, the court had no power or discretion to take a deposit in lieu of a bond. If the court had jurisdiction to exercise its discretion, its exercise could not be the subject of a writ of review; and where it had jurisdiction to dismiss the appeal, an order to show cause why the writ should not issue must be discharged.

APPLICATION for writ of review to annul the action of the Superior Court of Yuba County. K. S. Mahon, Judge.

The facts are stated in the opinion of the court.

J. C. Thomas, for Petitioner.

M. T. Brittan, and R. R. Raish, for Respondent.

BURNETT, J.—On the ninth day of February, 1909, the petitioner, a foreign corporation, filed a complaint in the justice court of Marysville township against one J. Blue. At the same time the plaintiff therein filed with said court an undertaking executed on January 30, 1909, by the United States Fidelity and Guarantee Company through H. B. P. Carder, its attorney in fact.    Said undertaking provided that "Whereas an attachment against the said defendant, as security for the satisfaction of any judgment that may be recovered thereon, has been demanded by plaintiff; and whereas the plaintiff is a nonresident of the state of California, and under and by virtue of the Code of Civil Procedure of said State, section 1036, relative to foreign corporations, security for costs and charges, which may be awarded against such plaintiff, as may be required by the defendant, or bond for costs that may be required of the plaintiff on appeal, under and by virtue of section 974 of the Code of Civil Procedure of the State of California, should the plaintiff desire to take an appeal to a superior court, or other court from any judgment that may be rendered by the said justice's court or required to pay any costs in said justice's or Superior Court of California in and for the County of Yuba.

"Now therefore, in consideration of the premises, and of such appeal, and attachment and costs which may be required, the United States Fidelity and Guarantee Company . . . does hereby undertake in the sum of two hundred and fifty dollars, and promises on the part of the plaintiff, that said plaintiff will pay all costs which may be awarded against the plaintiff, if the said defendant recover judgment in said action, plaintiff will pay all costs that may be awarded to said defendant, and all damages that he may sustain by reason of said attachment; and all costs that may be awarded to the said defendant on appeal to the superior court of the State of California, in and for the County of Yuba, and costs that may be awarded by any appellate court against the said plaintiff in favor of the defendant on *certiorari* or other appellate proceedings in the courts of the State of California, not ex-

ceeding the aforesaid sum of two hundred and fifty dollars, to which it acknowledges itself bound.''

On the trial of the action on July 21st the justice of the peace granted a motion for a nonsuit on the ground that plaintiff had failed to prove that it had filed its articles of incorporation with the Secretary of State, as required by statute.

On the same day plaintiff gave notice of an appeal to the superior court and on the sixteenth day of August the papers were filed in the superior court. On the third day of September an amended complaint was filed in said superior court and an answer thereto by said defendant Blue was filed on the eleventh day of September. On September 27th a notice of motion was given to dismiss the appeal on the ground that ''the said appeal was not taken in conformity with requirements of sections 975, 977, 978 and 978a of the Code of Civil Procedure.'' This motion was granted on October 4th following.

On application of petitioner an alternative writ of *certiorari* was issued out of this court on November 3d to review the action of the said court in dismissing the said appeal.

The writ of review, it is clearly established, cannot be made to perform the office of a writ of error for the correction of errors of law or of fact. It only involves the question of jurisdiction. (*Thomas* v. *Hawkins, ante.* p. 327, [107 Pac. 578.])

It is equally well settled that the superior court has no jurisdiction to entertain an appeal unless an undertaking to pay the costs on appeal has been given. It is clearly so provided in the statute and reaffirmed in numerous decisions of the courts.

Section 978, Code of Civil Procedure, provides that ''An appeal from a justice's or police court is not effectual for any purpose, unless an undertaking be filed with two or more sureties in the sum of one hundred dollars for the payment of the costs on the appeal.'' This is, as said by the court through Justice Hart in *Thomas* v. *Hawkins, ante, p.* 327, [107 Pac. 578,] an ''essential and indispensable prerequisite to the conferring of jurisdiction of appeals from justices' or police courts on the superior court.'' Another condition for the perfecting of the appeal is provided in section 978a, Code of Civil Procedure, as follows: ''The undertaking on appeal must be filed within five days after the filing of the notice of

appeal and notice of the filing of the undertaking must be given to the respondent.''

In the case before us no such undertaking on appeal was furnished as provided by the statute and no notice of the filing of any purported undertaking was given to respondent as required by said section 978a.

The only undertaking given, as we have seen, was executed and filed months before the trial, while the statute requires that it shall be filed within five days *after* the notice of appeal is given. The consideration for the undertaking is that notice of appeal has been given, while here the obligation contemplates an uncertain event in the future. By one bond in the sum of $250 it is sought to comply with the requirement of section 867 of the Code of Civil Procedure requiring an undertaking on attachment in a sum of not less than $50 nor more than $300 as fixed by the justice, also section 1036 providing for security for costs where the plaintiff is a foreign corporation, in a sum not exceeding $300 and the provisions of said section 978 in reference to the costs on appeal. Even if such an undertaking could be considered as a part of the proceeding to perfect the appeal, we would have no right to assume, in view of the record, that $100 thereof could be applied to the payment of said costs. For aught that appears to the contrary the justice may have required a bond of $250 to indemnify the defendant against loss on the attachment, or the whole amount may have been required under the provisions of said section 1036. At any rate, this is not the bond required by the statute for costs on appeal, it was not filed at the time exacted and it was not served on respondent. If these provisions of the law are to be disregarded it would be easy to justify most any departure from the legislative will.

Neither is there any merit in the contention that the question of jurisdiction was waived by the respondent when he filed his answer in the superior court. Parties cannot waive jurisdiction of the subject matter nor confer it by consent. Whenever the court's attention was called to the fact that no undertaking for costs had been filed or served, it was the court's duty to dismiss the appeal as it had no legal power to proceed with the trial.

Likewise, it may be said that the question before us is not affected by the fact that appellant offered to deposit $100 in the superior court in lieu of the bond.

In the first place, assuming that the court could have authorized such a deposit, it was a matter entirely within its discretion, and to such considerations the writ of review does not extend. Again, it is clear that this discretion may be exercised—if at all—only when some undertaking, though defective, has been given. It does not exist when no security whatever on appeal has been furnished.

For further assurance of the soundness of the foregoing views we make the following quotations from the decisions:

In *Croker* v. *Superior Court,* 58 Cal. 178, it is said: ''To effectuate an appeal from the judgment of a justice of the peace, three things are necessary, viz.: The filing of a notice of appeal with the justice, the service of a copy of the notice upon the adverse party, and the filing of a written undertaking; and all these things must be done within thirty days after the rendition of the judgment. (Code Civ. Proc. secs. 974, 978.) All of these are jurisdictional prerequisites; none of them can be dispensed with; nor can any one of them, if not done, be supplied, or if fatally defective, be remedied after the time limited by the statute; for, until all the prerequisites are completed, the appeal is not effectual for any purpose.''

It may be remarked that the legislature of 1909 added section 978a providing the further prerequisite that the undertaking ''must be filed within five days after the filing of the notice of appeal and notice of the filing must be given to the respondent.''

In *McCracken* v. *Superior Court,* 86 Cal. 76, [24 Pac. 845], in reference to the failure of the sureties to justify within five days after an exception to their sufficiency, it is said: ''The superior court had no jurisdiction to extend time within which to do an act in the justice's court while the action remained in that court, and, as we have seen, until the sureties justified, the cause remained in the justice's court. The appeal was not effectual for any purpose, and the superior court had no jurisdiction whatever in the case. It may be otherwise where a defective or informal undertaking has been given.

''In such cases it has been held that the superior court may allow a new undertaking to be filed. (*Coulter* v. *Stark,* 7 Cal. 244; *Cunningham* v. *Hopkins,* 8 Cal. 33; *Rabe* v. *Hamilton,* 15 Cal. 31; *Coker* v. *Superior Court,* 58 Cal. 177.) But

to allow the superior court to assume jurisdiction and make the order complained of in this case as against the plain provision of the code, that 'if the sureties fail to justify within the term fixed' it must be regarded 'as if no such undertaking had been given,' would be to override the express and unequivocal language of the statute." It is further stated that "Authority is given the Supreme Court to accept a new undertaking in lieu of an insufficient one in certain cases and on certain terms but we know of no such statutory authority on the part of the superior court."

In *Lane* v. *Superior Court*, 5 Cal. App. 762, [91 Pac. 405], it is held, as stated in the syllabus: "Upon an attempted appeal from the justice's court, where the sureties fail to justify when required to do so, the appeal must be regarded as if no undertaking had been given, and the cause remains in the justice court until a new undertaking is filed or until the sureties justify. In such case when the justification of the sureties was abandoned and an undertaking was filed more than thirty days after the rendition of the judgment, the appeal is ineffectual and the superior court has no jurisdiction thereof."

With greater reason even must it be held that where no undertaking is filed after the notice of appeal is given, and no opportunity afforded for an exception to be taken to the sufficiency of the pretended security, the superior court has no jurisdiction of the appeal.

The cases all emphasize the necessity for a substantial compliance with the requirement of the statute in order to clothe the appellate tribunal with authority to review the action of the trial court.

As here the requirement of the law was disregarded by the appellant, the court certainly had jurisdiction to dismiss the appeal, and the order to show cause is therefore discharged.

Chipman, P. J., and Hart, J., concurred.