[Civ. No. 781.  Second Appellate District.—April 9, 1910.]

W. P. JEFFRIES COMPANY, a Corporation, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF LOS ANGELES, and W. P. JAMES, Judge of Said Superior Court, Respondents.

WRIT OF REVIEW — JURISDICTION OF SUPERIOR COURT — APPEAL FROM JUSTICE'S COURT — NOTICE OF FILING UNDERTAKING — EFFECT OF CHANGE IN CODE.—The service of the notice of the filing of the undertaking on appeal from the justice's court to the superior court, as provided by section 978a of the Code of Civil Procedure, enacted November 11, 1909, is not necessary to give the superior court jurisdiction of the appeal; and an order refusing to dismiss the appeal for want of such service cannot be annulled upon writ of review.

ID.—STATUTORY CONSTRUCTION—PURPOSE OF CHANGE IN CODE.—Statutory provisions are to be construed with reference to the intention and purpose of the enactment.  The apparent evil to be remedied

13 Cal. App.—13

by the amendment of 1909 was the necessity that the owner of a judgment in the justice's court should watch the justice's docket for thirty days to prevent an appeal without adequate security; and this evil was remedied by the new provision for an undertaking within five days after the notice of appeal, and that notice of its filing be given to him.

Id.—Object of Notice of Filing Undertaking—Part of Collateral Proceeding for Justifying.—The nature and object of the provision for notice of the filing of the undertaking is not to make it a step in the perfecting of the appeal, but to make it merely a part of the collateral proceeding to justify; its sole use being to bring home to respondent the knowledge that the appeal is already perfected *prima facie*. It merely invites the respondent to inspect the undertaking already filed.

Id.—Penalty not Attached to Failure of Notice.—There is no provision in the statute as to the time within which the notice of the undertaking should be served, nor the effect of a failure to serve it.

Id.—Substantial Notice—Service of Notice of Appeal—Time for Filing Undertaking Fixed by Law.—The filing and service of the notice of appeal is in legal effect a notice that under the law the appellant must file his undertaking within five days thereafter to make his appeal *prima facie* effective. It therefore works no hardship that the technical notice of the filing of the undertaking is not given to the appellant, so as to require him to except to the sureties within five days after filing of the same, which is in fact required of him by law.

Id.—Absence of Change as to Time for Excepting to Sureties.—No change was made by the amendment of the code in 1909, as to the time within which the respondent must except to the sufficiency of the sureties on the undertaking on appeal. This is required to be done within five days after the filing of the undertaking, without reference to any notice of its filing. The provision for such exception is independent, and cannot be read into the prior provision.

Id.—Justification of Sureties—Collateral Proceeding.—The justification of the sureties after exception, or of other sureties in their stead, is not a step in taking an appeal, but is a collateral proceeding in which respondent exercises the right granted to him to obtain adequate security for his protection on the appeal.

Id.—Waiver of Right.—The respondent may waive his right to further security; and if he fails to exercise his right to except, or fails to attend before the court, when the sureties are in attendance to justify, his right is waived; and the original qualification of the sureties operates as a full and complete justification, and the appeal remains perfected and effectual under the original undertaking.

PETITION for writ of review to the Superior Court of Los Angeles County. W. P. James, Judge.

The facts are stated in the opinion of the court.

Andrew J. Copp, Jr., for Petitioner.

James P. Clark, and Sidney J. Parsons, for Respondents.

THE COURT.—*Certiorari*. Petitioner is plaintiff in an action brought in a justice's court of Los Angeles county, in which he obtained a judgment against the defendants in the action on October 11, 1909. The latter appealed to the superior court upon questions of both law and fact. Separate notices of appeal were served and filed on October 21, 1909, by two of the several defendants in the action, and on the same day the statutory undertakings on appeal and to stay execution were filed by one of the defendants; and on October 25, 1909, a separate undertaking for the same purpose by the other appealing defendants was filed. On October 27, 1909, all the papers in the cause were certified to and filed in the office of the clerk of the superior court.

No notice of the filing of these undertakings, or either of them, was given as provided by section 978a of the Code of Civil Procedure at the time they were filed, or within thirty days thereafter; and, on November 11, 1909, respondent served notice upon appellants of its intention to move to dismiss the purported appeals, which motion was noticed for November 22, 1909, and based upon the failure of appellants to serve the notices of the filing of said undertakings as aforesaid. An affidavit of counsel setting out the facts was served with the notice. Thereafter, on November 12, 1909, one of the appellants served notice upon petitioner of the filing of his undertaking. The motion to dismiss said appeals was heard at the time for which noticed and the motion denied. It is this order denying this motion which we are asked to review.

Section 978a, Code of Civil Procedure, is a new section, added to the code in 1909, and reads as follows: "The under-taking on appeal must be filed within five days after the filing of the notice of appeal and notice of the filing of

the undertaking must be given to the respondent. The adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, and unless they or other sureties justify before the justice or judge within five days thereafter, upon notice to the adverse party, to the amounts stated in their affidavits, the appeal must be regarded as if no such undertaking had been given.''

The requirement of the first sentence, to wit, the filing of the undertaking within five days after the service of the notice of appeal, and the giving of notice of the filing of the undertaking, are new provisions in the statute. Prior to the enactment of this section the undertaking could be filed at any time within the thirty days during which the appeal might be taken (sec. 978). The portion of 978a relating to the justification of sureties is but a re-enactment of the same matter theretofore a part of section 978.

It is apparent, then, that the only question presented on this application is: ''Was service of notice of the filing of an undertaking by appellants necessary to give the superior court jurisdiction of the appeal?'' We think this question must be answered in the negative. Statutory provisions are to be construed with reference to the intention and purpose of their enactment. The apparent evil to be remedied by the amendment of 1909 was the necessity under the old conditions that the owner of a judgment rendered in a justice's court should keep constant supervision of the justice's docket for the period of thirty days to prevent an appeal being taken therefrom without adequate security being given on the appeal. The remedy was the requirement that the undertaking be filed within five days and that notice of the filing of the undertaking should be given to him. No change was made by the amendment in regard to the time within which the respondent must except to the sufficiency of the sureties. This is still required to be done within five days after the filing of the undertaking, no reference being made to any notice of such filing. Notice of intention to file an undertaking would serve no useful purpose, as the service and filing of the notice of appeal would accomplish all that a notice of an intention to file an undertaking could do, as it implied that within five days the undertaking necessary to perfect the appeal would be filed. This is regarded as

sufficient notice of intention on appeals from the superior court. No reason exists for giving a notice in advance of the act, as no hearing was to be had or act done which required the presence of the adverse party when the instrument was presented to the justice. If considered as a notice to be given after the undertaking has been filed, there is no provision as to the time it should be served or the effect of a failure to serve it. The language used in the latter part of the section with respect to the notice to be given of the time of justification of sureties cannot be read into the first sentence, as petitioner suggests. Neither is it applicable by analogy.

If the failure to give notice of the filing of the undertaking should subject appellant to a penalty, such as that prescribed where the sureties fail to justify, there would have been no question as to the legislative intention. It is true, as argued by petitioner, that the absence of such a provision makes somewhat for the view that this notice is a step in perfecting the appeal, rather than a part of the collateral proceeding to justify, but its very nature and purpose make it part of the latter. Its sole use is to bring home to respondent the knowledge that the appeal is already perfected, at least, *prima facie*. Only after the appeal has been taken and rendered effectual to this extent can it serve any purpose. It merely invites the respondent to inspect the undertaking already filed in order to determine the sufficiency of the sureties executing it.

The justification of the sureties after notice is not a necessary step in taking an appeal. An appeal is *taken* by filing and serving a notice of appeal (sec. 974); it is perfected or made effectual by filing an undertaking "for the payment of the costs on appeal." The qualification by the sureties, upon this undertaking, in the absence of exception, is a full and complete justification. A further justification may be required by the respondent by excepting to the sufficiency of the sureties. This further justification is a collateral proceeding in which the respondent may exercise a right granted him to determine the adequacy of the security given for his protection on the appeal. This he may waive, and if he fails to exercise his right to except, or fails to attend before the court when the sureties are in attendance for the pur-

pose of justifying, the appeal remains perfected and effectual under the undertaking as originally filed, just as it does when he does not except. (*Bank of Escondido* v. *Superior Court,* 106 Cal. 43, 47, [39 Pac. 211].) If, however, after exception properly made, the sureties fail to justify within five days, "the appeal must be regarded as if no such undertaking had been given." (Sec. 978a; *Wood* v. *Superior Court,* 67 Cal. 115, [7 Pac. 200]; *McCracken* v. *Superior Court,* 86 Cal. 76, [24 Pac. 845]; *Bennett* v. *Superior Court,* 113 Cal. 440, [45 Pac. 808]; *Lane* v. *Superior Court,* 5 Cal. App. 762, [91 Pac. 405].)

The question here under consideration was not before the court of appeal for the third district in *Stimpson etc. Co.* v. *Superior Court,* 12 Cal. App. 536, [107 Pac. 1013]. In that case there was an entire failure to file any undertaking after giving the notice of appeal, the undertaking relied on having been executed and filed "months before the trial."

In the absence of some clearly expressed intention upon the part of the legislature to make jurisdictional the serving of a notice the sole purpose of which is what we have declared this one to be, we feel constrained to hold that the failure to do so does not deprive the superior court of jurisdiction to hear an appeal in which the other steps provided by the statute are regularly and properly taken.

The demurrer to petition is sustained and the writ denied.