[Civ. No. 2380.   Second Appellate District.—June 26, 1917.]

## F. J. O'DONNELL, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

JUSTICE'S COURT APPEAL — EXCEPTION TO SUFFICIENCY OF SURETIES — CONTINUANCE OF JUSTIFICATION—JURISDICTION.—A justice's court is without jurisdiction to continue the matter of the justification of sureties on an undertaking on appeal, where the sureties appear within the statutory time and are found to be insufficient, and the superior court acquires no jurisdiction of the appeal by the acceptance by the justice on the day to which the matter was continued of a sum of money in lieu of the undertaking.

APPLICATION for a Writ of Prohibition originally made to the District Court of Appeal for the Second Appellate District to restrain the Superior Court from proceeding with a Justice's Court appeal.

The facts are stated in the opinion of the court.

John N. Swenson, for Petitioner.

H. E. Gleason, for Respondents.

JAMES, J.—In this proceeding a writ of prohibition is sought requiring the superior court to desist from proceeding further in a certain cause which was attempted to be brought into said superior court by appeal from the judgment of a justice of the peace. The petition sets forth that after judgment had been entered in the justice's court in favor of this petitioner as plaintiff, the defendant in that action, the Molander Power Company, a corporation, on the fifth day of April, 1917, served and filed notice of appeal, and on the same day filed an undertaking on appeal; that on the same day the plaintiff, this petitioner, served on the attorney for the defendant there a notice in writing excepting to the sufficiency of the sureties; that the attorney for that defendant resided in the city of Long Beach, which was a distance of about twenty miles from the city of Los Angeles, and that the notice of exception to sureties was served by being deposited in the United States postoffice in the city of Los Angeles, properly addressed and the postage prepaid; that thereafter,

on the eleventh day of April, 1917, being the sixth day after the mailing as aforesaid of the notice of exception, the sureties on the undertaking appeared in the justice's court and were examined as to their property and were found to be insufficient; that no other sureties were offered at that time by the defendant and that the undertaking was rejected by the justice, and that the justice thereupon made an order continuing the matter, for the purpose of allowing a new undertaking to be filed, to April 12, 1917; that on the last-named date the defendant there, in lieu of undertaking, deposited a sum of money which was accepted by the justice and transmitted to the superior court; that thereafter a motion was made in the superior court to dismiss the appeal on the ground that no sufficient undertaking had been given to support the appeal; that thereafter this motion was heard and by the superior court denied. In the petition here presented it is alleged that the superior court threatens to and will, unless prohibited from so doing, proceed to try the action anew, treating the appeal as having been properly perfected. Alternative writ was issued herein and, by way of answer, a demurrer has been filed raising only the issue of law as to the sufficiency of the facts stated in the petition to warrant the relief demanded. We think that the motion to dismiss the appeal should have been granted. If we assume, as is contended by respondent, that the sureties appeared within time after service of notice of exception to their sufficiency (it being claimed that the fact that service was made by mail to a point twenty miles from the city of Los Angeles entitled the appealing party to one day more than the five specified in section 978a of the Code of Civil Procedure), still there was no justification of sufficient sureties made even within six days. It is shown that when the sureties did appear on the eleventh day of April they failed to justify, and the undertaking was found by the justice to be wholly insufficient, and no other sureties or any form of undertaking was presented on that day in lieu of the one first offered. We think that the justice's court was without power to make the pretended order continuing the matter of justification until April 12th. We doubt the power of the justice to make such an order of continuance where the sureties have been fully examined and found to be insufficient, even though the date fixed in the order of continuance would still fall within the five days allowed by the statute within

34 Cal. App.—14

which the appealing party was required to furnish a good undertaking. However, the justice here attempted to continue the matter to April 12th, which would be the seventh day after notice of exception, according to the computation of the petitioner, and the sixth day according to the computation of respondent. In either case the time fell without the limit fixed by law and there was no authority left in the justice's court to receive an undertaking or cash in lieu thereof for the purpose of security on the appeal.

Peremptory writ is ordered to be issued; petitioner to have his costs.

Conrey, P. J., and Works, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 23, 1917.