[S. F. No. 10631. In Bank.—October 19, 1923.]

S. L. MASH, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

[1] JUSTICE'S COURT—APPEAL—JUSTIFICATION OF SURETIES — TIME—DISMISSAL.—Where an appellant from a justice's court judgment, having filed his appeal bond within five days after the filing of his notice of appeal as required by section 978a of the Code of Civil Procedure, gave a new bond after the time for the justification of sureties on the first bond had expired and more than five days after the notice of appeal had been filed but within five days after the filing of the notice to justify on the first bond, the appeal was properly dismissed unless justification of the sureties on the first bond was waived.

[2] ID.—JUSTIFICATION OF SURETIES—FAILURE TO APPEAR AT HEARING—WAIVER — EXAMINATION BY JUDGE — JURISDICTION.—The respondent on such appeal having failed to appear at the time fixed for the justification of the sureties on the first bond and the sureties having appeared, the respondent waived their further justification; and the fact that such sureties were examined by the justice of the peace notwithstanding such waiver, and were found to be unqualified upon such an examination did not deprive the superior court of jurisdiction over the appeal.

PROCEEDING in Mandamus to compel judge of the Superior Court of the City and County of San Francisco

to proceed with trial of a certain action. John J. Van Nostrand, Judge. Writ granted.

The facts are stated in the opinion of the court.

S. L. Mash and Walter J. Thompson for Petitioner.

Jacob S. Meyer and Meyer & Mitchell for Respondents.

WILBUR, C. J.—This is an application for a writ of *certiorari* to review an order of the respondent dismissing an appeal from the justice court. In view of the fact that the case of the petitioner depends in part upon a question of fact, as to what he did in perfecting his appeal, and as this fact is not shown in the return to the writ, we announced to the parties that we would treat the application as one for *mandamus* to compel the respondent to proceed with the trial and we referred the disputed question of fact to the Honorable Daniel C. Deasy, judge of the superior court of the city and county, to hear the evidence offered on that subject and to report his findings. This report having been filed we will state the facts, as admitted and as thus shown.

A judgment of a justice court was rendered and entered against the petitioner for the sum of $182.65, December 14, 1922. On January 10, 1923, within the thirty days allowed for an appeal, the petitioner gave notice of appeal and filed an appeal bond for $100 costs and for $370, the latter sum being more than twice the amount of the judgment. On January 13, 1923, the plaintiff in that action served and filed a notice requiring the sureties to justify. On the same day the defendant served and filed a notice that the sureties would justify before the justice of the peace January 16, 1923, at 2 P. M. At that time the sureties presented themselves for justification and the plaintiff failed to appear. The justice of the peace, however, at the time and place fixed for the sureties to justify before him, indorsed an order upon the bond excepted to as follows: "It is hereby ordered that a cash bond in the sum of $182.65 be substituted for the bond on file herein and that the sureties on said bond be released on deposit of said cash bond."

The petitioner avers that he made a tender of such deposit of cash and that it was refused, and this allegation being

denied for lack of information and belief, the reference hereinbefore referred to was made, and Judge Deasy reports his finding as follows: "I find it is a fact that on the 16th day of January, 1923, petitioner S. L. Mash, tendered to the clerk of the Justices Court of the City and County of San Francisco the sum of $182.65. It is not true that said clerk of said Justices Court refused to accept said money, but it is the fact that said clerk said that he would accept the same, but that unless a cost bond in the sum of $100 were filed with him in addition to the deposit of said sum of $182.65 he would issue execution if demanded by the plaintiff in the action of *Rauer's Law and Collection Co.* v. *Mash.* It is also true that after some discussion between said petitioner and said clerk about the question, said petitioner left the office of said Justices' Court and took with him said sum of money which he had tendered to said clerk, and that he did not on said 16th day of January, 1923, make any tender to said clerk other than the one herein referred to." Thereafter, on January 17, 1923, the petitioner filed a bond, executed by the United States Fidelity and Guaranty Co. as surety, for $100 costs and $375 to pay the judgment. This bond was indorsed: "This bond approved Jan. 17, 1922. Thomas F. Prendergast J. P."

Notice of the filing of this undertaking was served on the plaintiff January 18, 1923, and filed with the justice January 19, 1923.

The new bond, it will be observed, was filed, approved, and notice thereof given to plaintiff within five days after the notice requiring the justification, and thus within the time allowed by law for such justification, but was not filed until the day after the time fixed for such justification by the defendant and more than five days after the taking of the appeal.

Section 978a of the Code of Civil Procedure provides that the undertaking on appeal must be filed within five days after the filing of the notice of appeal and that notice of the filing of the undertaking must be given to the respondent. "The adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, and unless they or other sureties justify before the Justice or Judge within five days thereafter *upon notice to the adverse party,* to the amount stated in their affidavit, the

appeal must be regarded as if no such undertaking had been given.'' It appears that at the time fixed for the justification the justice made an order requiring the cash bond. This order was not complied with, although it may be conceded that if the cash had been paid in, this would be equivalent to a justification. [1] Unless the justification was waived, the time for justification having expired without new sureties having justified, the appeal was properly dismissed, notwithstanding the fact that within five days after the filing of the notice a new and sufficient bond was filed and approved, but notice of such filing and approval having been given after the expiration of the five days from the notice to justify, the appellant could not substitute a new bond except in the manner required by law. (*Wood* v. *Superior Court,* 67 Cal. 115 [7 Pac. 200].) In *O'Donnell* v. *Superior Court,* 34 Cal. App. 208 [167 Pac. 187], it was held that the acceptance by the justice of a money deposit in lieu of a bond was not sufficient to give the superior court jurisdiction, where the deposit was made the day after the failure of the sureties to justify and after the five-day period for justification had expired, although the justice had continued the matter of justification of the sureties to that date. The court in that case also expressed a doubt as to the power of the justice to continue the matter of such justification even within the five-day period. An application for a transfer to this court was denied.

It is clear, then, that unless the plaintiff waived a justification of the sureties by his failure to appear at the time fixed, the petitioner failed to perfect his appeal. The tender of the $182.65 to the clerk was withdrawn and, therefore, cannot be considered. The surety bond was filed too late. It has been held, however, that where a party fails to except to the sureties on an appeal bond or, having excepted thereto, fails to appear at the time and place fixed for justification he waives such justification. (*Jeffries* v. *Superior Court,* 13 Cal. App. 193, 194 [109 Pac. 147]; *Bank of Escondido* v. *Superior Court,* 106 Cal. 43 [39 Pac. 211].)

[2] If the plaintiff failed to appear at the time fixed for the justification of sureties and the sureties appeared, he waived their further justification. The fact that they were examined by the justice of the peace notwithstanding such waiver, and were found to be unqualified upon such an ex-

amination, if such was the fact, as we may infer, did not deprive the superior court of jurisdiction over the appeal, and we may dismiss from consideration the futile attempt of the petitioner to comply with the order of the justice.

It is true that the respondent judge denies for lack of information and belief that the plaintiff's attorney failed to appear before the justice at the time fixed for justification of the sureties, but in view of the fact that the issue was neither raised nor discussed during the argument by the attorney who acted for the plaintiff in the justice's court and now appears for the respondent, we will assume the truth of the petitioner's affidavit, in the absence of a request for a reference of this question.

A peremptory writ of mandate will be issued requiring the respondent court to assume jurisdiction of the cause appealed and set this cause for trial, and try the cause and render judgment therein. No costs are allowed against the respondent judge.

Kerrigan, J., Waste, J., Seawell, J., and Lawlor, J., concurred.

Rehearing denied.

All the Justices concurred.