## HENRY BLAIR *v.* JAMES H. HAMILTON.

RETURN OF FACTS ON CERTIORARI.—When a case is brought from an inferior
Court or tribunal to the Supreme Court by certiorari, if all the facts upon which
the Court below acted are not in the record, the Supreme Court may require the
Court below to certify such facts.

IDEM.—The return of a finding of facts made by a County Judge to a writ of certiorari, constitutes a part of the record within the meaning of the four hundred and sixty-third section of the Practice Act, though the finding is not made until the next term after the testimony is taken and the order or judgment based on it is made.

SURETIES ON APPEAL BOND.—A party who excepts to the sufficiency of sureties on an appeal bond may waive their justification.

WAIVER OF JUSTIFICATION OF SURETIES.—If the sureties on an appeal bond are excepted to and appear before the Justice to justify, and the party excepting then states before the Justice that he knows the sureties to be good, and only excepted because his attorney told him to do so, this is a waiver of justification.

EVIDENCE OF WHAT OCCURRED BEFORE JUSTICE.—When a question arises in the County Court on an appeal from a Justice's Court, as to the jurisdiction of the County Court, the County Court may take testimony outside the record transmitted by the Justice as to what occurred after filing the undertaking and notice of appeal, and may also take testimony as to what occurred before that time, if the Justice has omitted to make the requisite entries in his docket.

JUSTICE'S DOCKET AS EVIDENCE.—A Justice's docket is only primary evidence, and its omissions may be supplied from other sources when necessary.

CERTIORARI to the County Court of Sacramento County.

The facts are stated in the opinion of the Court.

*M. C. Tilden*, for Petitioner.

*James W. Coffroth*, for Respondent.

By the Court, SANDERSON, J.:

This action was brought in the Court of a Justice of the Peace in Sacramento County, was tried and final judgment rendered for the defendant. Thereafter, and within the time prescribed by law, the plaintiff took an appeal, by filing and serving a notice of appeal in all respects sufficient in law, and in due time thereafter filing a bond in due form. Within five days after the filing of the undertaking the defendant excepted to the sufficiency of the sureties, as provided in the six hundred and twenty-eighth section of the Practice Act. The sureties did not justify before the Justice upon notice to the adverse party within five days thereafter, as provided in the section already cited. Nevertheless, the Justice transmitted the case to the County Court, and it was placed upon the calendar of that Court for trial. Thereupon the defendant moved

the Court to dismiss the appeal upon the ground that the failure of the sureties to justify, on notice, rendered the undertaking inoperative and left the appeal without the support of an undertaking, or, in the language of the statute, "as if no undertaking had been given." This motion was based upon the notice of the defendant excepting to the sufficiency of the sureties, accompanied by an affidavit of the defendant showing service of the notice and the subsequent action of the Court and the parties in the premises. According to this affidavit the notice was left by the defendant with the Justice, to be served by him on the plaintiff, and the Justice served the same, with a further notice that he would take the justification of the sureties at a certain time therein specified; that the plaintiff and defendant appeared before the Justice at the time appointed, and that the Justice then asked the plaintiff if he declined to have his sureties justify, and he replied that he did, stating in addition that he would not ask his sureties to come up there any more, and that he had done all he intended to do in reference to the undertaking; that the defendant was never notified that the sureties would justify, and that they never did justify; and further, that the plaintiff never filed any other undertaking in lieu of the one to which exception was taken.

Neither the notice of appeal nor the undertaking had been indorsed as filed by the Justice, but the entries in his docket showed the dates at which they were respectively deposited with the Justice. The Court ordered the Justice to indorse them as filed of the dates, respectively, as entered in his docket and denied the motion. It appears from the recitals in the order of the Court denying the motion to dismiss, that the Justice and the defendant were examined as witnesses touching the questions of fact involved in the motion, but the Court did not at that time draw up any finding. Subsequently, however, but at the next term, the Court prepared a finding of facts, with conclusions of law, and ordered it to be filed in the case as of the date at which the motion had been heard.

The finding is in substance that after the plaintiff had been

served with the notice of the defendant excepting to the sureties, he produced one of them before the Justice, the other being within call, for the purpose of having them justify. That thereupon the Justice, of his own will, in the presence of the defendant, refused to swear the sureties on the ground that both he and the defendant knew them to be good. That the defendant assented to this, saying that he knew them to be good, and that he only served the notice requiring them to justify because his attorney had prepared it and directed him to do so. And that thereupon the parties all left without any justification being taken. In view of these facts, the Court held that defendant had waived a compliance with his notice on the part of the plaintiff, and so denied the motion to dismiss.

The case has been brought here by certiorari, and we are asked to reverse the order and dismiss the appeal upon the ground that the Court below has exceeded its jurisdiction.

It is first insisted on the part of the defendant that in passing upon the question before us no resort can be had to the finding of facts upon the ground that the same constitutes no part of the record, for the reason that it was not prepared and filed until the next term of the Court, at which time, as is claimed, the Court had lost all jurisdiction of the case. If the finding be disregarded the result would be the same, as will presently appear; but were it at all necessary that we should be put in possession of the facts in view of which the Court below acted, and which are not technically of record, it would be competent for this Court to require the Court below to certify such facts in its return to the writ. In many cases jurisdictional facts may not appear of record, either by failure of the inferior Court or officer to follow the requirements of the law and make them of record, or because the law itself does not require it to be done. In such cases this Court, and all other Courts having jurisdiction to review and correct the proceedings of inferior Courts, would be powerless, unless it can compel the inferior tribunal to certify to this Court not only what is technically denominated the record, but such

facts, or the evidence of them, as may be necessary to determine whatever questions as to the jurisdiction of the inferior tribunal may be involved, and the grossest abuses of power, to the great reproach of the law, might be perpetrated with impunity and without the possibility of a remedy.    But we need not dwell upon this point, for it has been directly decided in the case of *Whitney* v. *Board of Delegates of the San Francisco Fire Department*, 14 Cal. 479, and *Lowe* v. *Alexander*, 15 Cal. 300.  Were it necessary, therefore, for the proper disposition of this case, that we should be put in possession of the evidence received by the Court below, or the facts in view of which it determined the question of jurisdiction, this Court would have required that Court to certify the same, (Sec. 463,) and hence being here there can be no question as to their being a part of the record within the meaning of the four hundred and fifty-ninth section of the Practice Act.    But, as already intimated, the finding is not indispensable to a proper disposition of the case, for the record itself, aside from the finding, shows that the Court acted in view of facts not disclosed by the record, which was sent up by the Justice, and the presumption would be that those facts were such as to support the judgment of the Court.

That the facts show a waiver on the part of the defendant of a justification on the part of the sureties, does not admit of argument.    To hold otherwise would enable the defendant to take advantage of his own wrong.    Nor does the capacity of the defendant to make the waiver admit of debate.    A party may waive the performance of an act intended for his benefit and security.    He might have waived a bond altogether, an act which is frequently done, much more a justification of the sureties.    But it is claimed that the County Court had no power to take testimony outside of the record which was transmitted by the Justice, and this brings up the only substantial question involved in the case.

In taking this position, counsel overlooks the fact that he convicts himself of a solecism, for in laying a foundation for his motion he, by implication at least, asked the Court to do

the very thing of which he now complains. There was nothing in the record which was sent up to the County Court bearing upon the question of the justification of the sureties, except the bald notice of the defendant that he excepted to them, which had been filed by the Justice as a paper in the case. There was nothing to show that it had ever been served upon the plaintiff. Hence, in order to make the question with which the County Court dealt and which we are reviewing, counsel was compelled to go outside of the record and make proof of a material fact. On the face of the record as it came up, the County Court would have been compelled to hold that the notice had never been served, and that therefore the plaintiff had never been put upon the justification of his sureties, and hence that the appeal had been perfected according to law. If it was competent for the defendant to offer evidence of facts *dehors* the record, for the purpose of showing a want of jurisdiction, it was for the same reason competent for the plaintiff to do the like, for the opposite purpose.

At the argument we were under the impression that the facts of which proof was made in the County Court were required to be entered in the Justice's docket, and hence there might be some ground for claiming that his docket was the only evidence to which the Court could look, but upon an examination of the statute we find that such is not the case. (Sec. 604.) The last acts which the Justice is required to enter in his docket are the filing of the notice of appeal and the appeal bond. Of the subsequent proceedings he is not required to keep a record—from which it results that when subsequent proceedings are had and it becomes material for any purpose to ascertain what they were, a resort must be had to extrinsic evidence. But were it otherwise, and the Justice should omit to make the requisite entries, the result would be the same, for the record kept by the Justice is not the only evidence of what was done. The statute only makes the docket primary evidence—from which it follows that its omissions may be supplied from other sources when it becomes necessary. (Sec. 605.)

Doubtless in cases like the present the more regular course would be for opposing counsel to suggest the absence of material facts and ask the Court for an order upon the Justice to certify the same fully, but we see no fatal objection to the course which was pursued in this case. The Justice was called as a witness and the facts ascertained in that way.

It results that the County Court did not err in receiving extrinsic evidence or in the legal conclusion which was reached.

The order denying the motion to dismiss the appeal is affirmed.

SAWYER, J., concurring specially ·

I concur in the judgment.