[No. 3,820.]

## G. C. REYNOLDS *v.* COUNTY COURT OF SAN JOAQUIN COUNTY.

CERTIORARI.—District Courts and the Judges of those courts have authority to issue the writ of *certiorari*.

JUDGMENT-ROLL IN CERTIORARI.---The petition for a writ of certiorari is no part of the judgment-roll made up in proceedings by certiorari.

CERTIORARI DOES NOT LIE FOR ERROR.---The judgment of a court will not, on certiorari, be reversed for mere error committed in the exercise of its rightful jurisdiction.

EXCEPTION TO SURETIES.---On an appeal from a Justice's judgment notice of exception to the sureties should not be filed with the Justice.

APPEAL from the District Court of the Fifth Judicial District, San Joaquin County.

In an action before a Justice of the Peace Robert Lowry obtained a judgment against G. C. Reynolds, and the latter

appealed to the County Court. The County Court dismissed the appeal on the ground, that the sureties on the undertaking on the appeal had not justified within five days after the filing of a notice of exception to the sufficiency of the sureties. The exception was filed with the Justice, but no notice of it was given to Reynolds or to his attorney. Reynolds then filed a petition in the District Court for a writ of hertiorari to review the proceedings of the County Court. The Court, after hearing the cause, dismissed the writ, and tcereupon Reynolds appealed to this Court.

*D. S. Terry* and *J. H. Budd,* for Appellant.

*J. M. Hogan,* for Respondent.

By the COURT:

The appeal is taken from the judgment of the District Court for San Joaquin County, dismissing a writ of certiorari heretofore issued by the County Court of the same county.

1. The Court below seems to have thought it "very questionable, at least, whether said District Judge or the District Court has authority under the Constitution of the State to grant the issuance of the writ of review." In *Keys* v. *Marin County,* 42 Cal. 254, we held that the District Courts and the Judges of those courts have authority to issue the writ of certiorari. The provisions of the Practice Act (Sec. 456), cited in the opinion in that case, are substantially copied into the Code of Civil Procedure (Sec. 57, subd. 5), now in force.

The objection of the respondent taken at bar, that the petition upon which the District Judge directed the writ to issue is not part of the record, and, therefore, cannot be considered by us in this case, must prevail. The appeal taken from the judgment, where, as here, no bill of exceptions is filed, brings up only the judgment-roll, or such parts of it as are necessary to explain the points relied on (Code Civil Procedure, Sec. 950), and the petition is no part of the roll in proceedings by certiorari (Id. Sec. 1077).

2. It is not made to appear by the record, that the order by which the County Court dismissed the appeal before it in the case of *Lowry* v. *Reynolds,* was in excess of the jurisdiction of that court.   Upon motion made to dismiss an appeal pending before it, the mere power of the Court to grant the motion, if in its option the objection to further entertain the appeal be well grounded, is unquestionable. In this case, for instance, it was said in argument at bar, that the objection of the respondent, upon which the appeal was dismissed, was only, that the appellant had not caused his sureties on the appeal to justify under section 978 of the Code of Civil Procedure, when, in point of fact, no notice had been given to the appellant that the sureties had been excepted to by the respondent.   The mere filing of such an exception with the Justice of the Peace after appeal taken does not seem to be authorized by the statute, and it is of course unreasonable to hold the appellant in default when he had no notice in law or fact, that further justification of sureties had been required by his adversary.   But in all this there was mere error, and neither the Court below, nor this Court, can reverse the judgment of the County Court for error committed in the exercise of its rightful jurisdiction.

Judgment affirmed—remittitur forthwith.