[No. 19486. In Bank.—January 31, 1895.]

## BANK OF ESCONDIDO, PETITIONER, v. SUPERIOR COURT OF SAN DIEGO, RESPONDENT.

APPEAL — JUSTIFICATION OF SURETIES — EXCEPTION TO SUFFICIENCY — WAIVER.—The justification of the sureties upon an appeal bond, by their oath attached to the bond, establishes a *prima facie* justification, which is sufficient, unless overcome at the instance of the party excepting and by the examination of the sureties by him; and if he fails to appear at the time fixed for their justification, after exception taken, he waives the benefit of his exception.

ID.—WITHDRAWAL OF SURETY—PRESENCE AT JUSTIFICATION.—The contention that one of the sureties on the appeal bond withdrew from the undertaking, and that respondent's failure to procure a new surety renders the appeal void, cannot be sustained where such surety was actually present at the time appointed for the justification, for the purpose of justification, and the party excepting to his sufficiency failed to attend.

ID.—APPEAL FROM JUSTICE'S COURT — CERTIORARI — CONFLICTING EVIDENCE.—Where the question whether a surety was present for the purpose of justification upon a bond upon appeal from the justice's court, the sufficiency of the sureties upon which was excepted to, was a fact presented to the superior court, and determined in favor of the sufficiency of the undertaking upon conflicting evidence, that determination is not subject to review in the supreme court upon *certiorari*.

CERTIORARI to review the action of the Superior Court of the county of San Diego refusing to dismiss an appeal for want of jurisdiction.

The facts are stated in the opinion of the court.

*David L. Withington,* and *F. P. Willard,* for Petitioner.

Failure to justify for five days makes the appeal ineffectual for any purpose. (Code Civ. Proc., sec. 978; *McCracken* v. *Superior Court,* 86 Cal. 74; *Wood* v. *Superior Court,* 67 Cal. 115; *Roush* v. *Van Hagen,* 17 Cal. 121.) The refusal of Nightingale to continue on the undertaking, coupled with the failure to procure a new surety, made the appeal void, and entitled the petitioner to a dismissal of the appeal. (*Manning* v. *Gould,* 90 N. Y. 476; *Haberstro* v. *Bedford,* 118 N. Y. 187; *Moffat* v. *Greenwalt,* 90 Cal. 368.) The failure of the court to take the justification does not relieve the appellant from the consequences. (*Roush* v. *Van Hagen,* 17 Cal. 121.) And the fact that the attorney for petitioner did not appear at the justification did not absolve the defendant from his duty to have the surety justify. (*Lower* v. *Knox,* 10 Cal. 480; *Blair* v. *Hamilton,* 32 Cal. 52.) The doctrine of implied waiver in its application to undertakings on appeal is not favored. (*Perkins* v. *Cooper,* 87 Cal. 241; *Little* v. *Jacks,* 68 Cal. 344.)

*E. W. Britt,* and *A. H. Clency,* for Respondent.

The evidence as to the surety's presence to justify was conflicting, and therefore the action of the court should not be set aside or reversed on *certiorari.* (2 Spelling on Extraordinary Relief, secs. 2018, 2023, and cases cited.) The surety having signed the bond could not withdraw. (*Moffat* v. *Greenwalt,* 90 Cal. 371; *Pieper* v. *Peers,* 98 Cal. 44.) Plaintiff's duty was performed in having the sureties present to justify, and it was not necessary to take further steps as to their justification. (Code Civ. Proc., sec. 495; *Ballard* v. *Ballard,* 18 N. Y. 491; 1 Abbott's New Practice, 482.) The defendant should have been present to except to the sufficiency of the sureties, and his failure to be present was a waiver of any objections. (*Blair* v. *Hamilton,* 32 Cal.

52; *Kirby* v. *Collins*, 5 Wash. 682; *Dixon* v. *Thatcher*, 8 Ark. 134; *Ballard* v. *Ballard*, 18 N. Y. 491; Code Civ. Proc., sec. 495; 1 Abbott's New Practice, 485; *Gopsill* v. *Decker*, 67 Barb. 213.)

HENSHAW, J.—One W. C. Smith, aggrieved at an adverse judgment of the justice's court in an action wherein he was plaintiff and the Bank of Escondido defendant, gave notice of appeal to the superior court, and in due time filed the requisite undertaking. Two days thereafter one of the sureties left with the justice a written notice of withdrawal from the appeal bond, and the justice informed Smith's attorney of the action of the surety. On February 5th, within the five days limited by law, the attorney of the bank excepted to the sufficiency of the sureties; on February 6th notice was given by Smith that the sureties would justify before the justice at 2 o'clock P. M. of February 7th. At the time appointed Smith's attorney and the two sureties were present, as the respondent claims, and as the justice seemingly understood, for the declared purpose of justifying. The Bank of Escondido was not represented. Its attorney failed to appear, and no continuance was sought. No examination of the sureties was held. The justice declared that they were satisfactory, and that he believed them sufficient. In his docket the record of the proceedings appears as follows: " Plaintiff, by his attorney, A. H. Clency, appeared at 2 P. M. Sureties present. Defendant did not appear. . . . . The papers, together with transcript and bond as approved, transmitted to clerk of superior court."

In the superior court the Bank of Escondido moved to dismiss the appeal upon the ground of the lack of jurisdiction of that court. The motion was denied, the court retained the action, and the bank sued out this writ of review.

Whether or not the surety, Nightingale, had the absolute right to withdraw from the undertaking, whether he was present in the justice's court for the purpose of

justifying, as understood by the justice and claimed by the respondent, or merely because his office was in the courtroom of the justice, as testified to by the surety and contended by petitioner, are questions whose decision is unnecessary to this determination; for it clearly appears that petitioner, by his own laches, is estopped from asserting that there was no justification.

The justification of sureties has its origin in the fear of the exceptant that the surety may not be financially able to respond upon a breach of the obligation, and its object, as was said in *Stark* v. *Barrett*, 15 Cal. 364, is to afford the adverse party an opportunity to test, by personal examination, the responsibility of the sureties. The justification itself is the proof by the surety of his adequate pecuniary ability.

At common law, in the case of special bail, where exception was taken to the sureties, they appeared for justification either in person or by affidavit. If in person, and there was no opposition by counsel, they justified, as a matter of course, by swearing that they were housekeepers or householders, and respectively worth double the sum sworn to after all their debts and demands were paid. If by affidavit, as when they resided at a distance, their affidavits to like effect were read as their justification. (1 Tidd's Practice, 3d ed., p. 227.) Under our practice this showing is made before presentation of the bond by affidavit of the sureties (Code Civ. Proc., sec. 1057), and a *prima facie* justification is thus established which may be overcome at the instance and by the examination of the exceptant. But where no counter-showing is made against the sufficiency of the sureties justification will be deemed complete. The *prima facie* showing by affidavit, says Mr. Abbott, "serves as justification in case no exception is taken." (1 Abbott's New Practice, 482.)

The justification, then, is a right accorded to the adverse party which he may either waive expressly, or be debarred from asserting under the well-settled rules of estoppel. Thus, in *Blair* v. *Hamilton*, 32 Cal. 53, where

the justice refused to swear the sureties in justification, saying that both he and the exceptant knew them to be good, to which the exceptant assented, saying that he only served the notice because his attorney directed him to do so, this court said:

"That the facts show a waiver on the part of the defendant (exceptant) of a justification on the part of the sureties does not admit of argument. To hold otherwise would enable the defendant to take advantage of his own wrong. Nor does the capacity of the defendant to make the waiver admit of debate."

But while the waiver may be express, as in *Blair* v. *Hamilton, supra,* it may also arise through laches. The rule here is thus laid down:

"In case of nonappearance on the part of the exceptant the party giving the undertaking may either rest on the default as a waiver of the exception, . . . . or he may produce his sureties and take a formal approval." (1 Abbott's New Practice, 485.)

And in *Ballard* v̄. *Ballard*, 18 N. Y. 492, the court say: "The respondent or his attorney must be in attendance before the judge when the bail appear, or he must necessarily lose the benefit of his exception. . . . . The presumption of waiver arises solely from the conduct of the respondent in omitting to appear before the judge."

Nor is petitioner's cause aided by his contention that the surety, Nightingale, had withdrawn from the undertaking, and that respondent's failure to procure a new surety rendered the appeal void. Nightingale was actually present at the time appointed for justification. Whether present for the purpose of justification or not, was a fact presented to the superior court, and there determined upon conflicting evidence. That determination is not here subject to review. (*Buckley* v. *Superior Court,* 96 Cal. 119; *History Co.* v. *Light,* 97 Cal. 56.)

Moreover, had petitioner performed his duty by attending at the time set and making it appear that Nightingale would not or could not justify, respondent would have been entitled to provide another and sufficient

surety in his place (Code Civ. Proc., sec. 978), and thus is presented an additional reason for the application of the rule of waiver.

Wherefore, the relief prayed for is denied and the writ dismissed.

GAROUTTE, J., VAN FLEET, J., TEMPLE, J., McFARLAND, J., and HARRISON, J., concurred.