[Civ. No. 884.   Second Appellate District.—September 19, 1910.]

## HAROLD BUDD, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, WM. R. HERVEY, Judge, Respondent.

PROHIBITION—APPEAL FROM JUSTICE'S COURT—JURISDICTION.—A writ of prohibition will not lie to prevent the superior court from taking any further action in a proceeding on an appeal from a justice's court than to dismiss the same, where it appears that the superior court has jurisdiction of the appeal.

ID.—MOTION TO DISMISS APPEAL—FAILURE OF SURETIES TO JUSTIFY—FAILURE OF EXCEPTING PARTY TO ATTEND.—A motion to dismiss an appeal from the justice's court for the alleged failure of the sureties on the appeal bond to justify within five days after service of notice of exception thereto, where it appears that the excepting party failed to attend at the time fixed, was properly denied.

ID.—CONFLICTING AFFIDAVITS—DETERMINATION OF SUPERIOR COURT CONCLUSIVE.—Where there were conflicting affidavits as to whether the surety had appeared in the justice's court at the proper time for justification, but it is reasonably certain that the excepting party failed to appear, it was for the judge of the superior court to determine, on the hearing of the motion to dismiss the appeal, whether the surety had justified or not, or whether justification had been waived. In so far as that question depended upon a conclusion of fact to be drawn from conflicting evidence presented by the affidavits, its finding cannot be reviewed.

ID.—WAIVER OF JUSTIFICATION—RIGHTS OF UNDERTAKING PARTY.—The justification of sureties on undertakings may be waived by the failure of the party excepting to appear at the time set for justification. In case of nonappearance on the part of the excepting party, the party giving the undertaking may either rest upon the default as a waiver of the exception, or he may present his sureties and take a formal approval.

ID.—PROPER TIME FOR JUSTIFICATION—FIVE DAYS AFTER FILING NOTICE OF EXCEPTION.—A justification of the sureties on the appeal bond within five days after the filing of the notice of exception in the justice's court, though more than seven days has elapsed after service of the notice, is in proper time.

ID.—CONSTRUCTION OF CODE—COMPLETION OF EXCEPTIONS BY FILING NOTICE.—Construing the several provisions of the code relating to justices' courts and the practice therein together, it is held that a party excepting to the sufficiency of sureties on an undertaking on appeal therefrom must file his notice of exception with the justice, and that no such exception will be deemed complete until such notice is filed.

PETITION for writ of prohibition to the Superior Court of Los Angeles County.    W. R. Hervey, Judge.

The facts are stated in the opinion of the court.

W. S. Mitchell, for Petitioner.

John Beardsley, and Beardsley & Gould, for Respondent.

THE COURT.—By this proceeding it is sought to have a writ issued prohibiting the superior court from taking further action in a certain cause entitled *Harold Budd, Plaintiff,* v. *M. F. Schmitt, Defendant,* other than to dismiss the appeal taken by the defendant to said superior court from a judgment entered in the justice's court of Los Angeles township.

Petitioner was awarded a judgment against Schmitt in the justice's court in April, 1910.    Schmitt in due time gave notice of appeal and filed the necessary undertaking, which was furnished by a surety company.    On May 16, 1910, petitioner served on the attorneys for Schmitt a notice, excepting to the sufficiency of the surety company as surety on the undertaking on appeal.    This notice of the exception was not filed with the justice until May 18, 1910.    On May 17th, however, counsel for Schmitt gave notice to the attorney for Budd that the surety would justify on May 18, 1910, at 9:30 o'clock A. M., before the justice.    At the time the last-mentioned notice was served, Budd's counsel announced that he would not accept service thereof and would not be present in court on the following day.    When the case reached the superior court a motion was made to dismiss the appeal on the ground that the surety on the undertaking on appeal had not justified within five days after service of the notice of exception to its sufficiency.    At the hearing on this motion affidavits were submitted and the court made an order denying the motion. There was a conflict of evidence on the point as to whether or not the surety on the undertaking on appeal had appeared in the justice's court to justify on May 18th, but it appears reasonably certain from the affidavits that Budd made no appearance on that day in the justice's court for the purpose of examining the surety.    It was for the judge of the superior court to determine, on the hearing of the motion to dismiss

14 Cal. App.—17

the appeal, whether there had been a justification by the surety, or, if not, whether such justification had been waived. In so far as that determination depended upon a conclusion of fact to be drawn from the conflicting evidence presented by the affidavits, the finding of the court cannot, of course, be reviewed. (*Bank of Escondido* v. *Superior Court,* 106 Cal. 47, [39 Pac. 211]; *Buckley* v. *Superior Court,* 96 Cal. 119, [31 Pac. 8].)

The justification of sureties on undertakings may be waived by the failure of the party excepting to appear at the time set for the justification. From the opinion in the case of *Bank of Escondido* v. *Superior Court,* 106 Cal. 47, [39 Pac. 211], we quote: ''The justification, then, is a right accorded to the adverse party which he may either waive expressly, or be debarred from asserting under well-settled rules of estoppel. . . . But while the waiver may be express, as in *Blair* v. *Hamilton,* 32 Cal. 53, it may also arise through laches. The rule here is thus laid down: 'In case of nonappearance on the part of the exceptant, the party giving the undertaking may either rest on the default as a waiver of the exception, or he may produce his sureties and take a formal approval.' (1 Abbott's New Practice, 485.)''

Therefore, if the superior court found from the evidence before it that there had been a failure of Budd to appear at the time fixed for justification, and that the surety did appear, the order denying the motion to dismiss the appeal was properly made.

But in addition to the justification noticed to be had on May 18, 1910, it seems that there was an appearance on May 23d by the surety before the justice for the purpose of justifying. Just how it came about, and upon what form of notice this second appearance by the surety was made, is left by the record and proof submitted here to conjecture. A justification on May 23d would have been seven days after service of the notice of exception to the sufficiency of the surety, but within five days after that notice had been filed with the justice. Petitioner seems to admit that there was a complete justification on the twenty-third day of May, for in his petition he alleges ''that thereafter, to wit, on the twenty-third day of May, 1910, said sureties appeared before Honorable R. A. Ling, justice of the peace, to qualify on said undertaking

on appeal, and seven days after the service of the notice by plaintiff of his objection and exception to the sufficiency of the surety on the said undertaking on appeal." In petitioner's brief on the same subject he further states: "The justification of the sureties occurred, according to the record, on May 23, 1910, or seven days after the acceptance of service by the attorneys for the defendant." These statements of the petitioner and his counsel warrant the assumption that the justification made on May 23d was regular, and had under proper notice, and if made in time that it was sufficient.

The question then presented is one with which the decisions of our own state have not directly dealt. In all of our statutes referring to the taking of exception to sufficiency of sureties on undertakings on appeal, it is nowhere declared how that exception shall be taken. Section 978a, Code of Civil Procedure, contains the provision as to exceptions taken to undertakings on appeal from justices' courts. It reads: "The adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, and unless they or other sureties justify before the justice or (police) judge within five days thereafter, upon notice to the adverse party, . . . the appeal must be regarded as if no such undertaking had been given." Construing the several provisions of the code relating to justices' courts and the practice therein together, we are of the opinion that a party excepting to the sufficiency of sureties on an undertaking on appeal must file his notice of exception with the justice, and that no such exception will be deemed to be complete until such notice is filed. It will be observed that under the provisions of section 977, Code of Civil Procedure, the justice or (police) judge is required within five days after the perfecting of an appeal, to transmit all papers to the superior court, including the undertaking on appeal. When these papers have once been properly filed in the superior court the justice has no power to recall them for any purpose; neither would the superior court possess authority in such a case to cause the papers to be returned to the justice. Where justification of sureties on the undertaking on appeal is had, it must be had before the justice, for section 978a so requires. An exception to the sufficiency of the sureties might, perchance, be taken on the fifth day after the appeal had been perfected. The adverse

party then would have five days within which to cause his sureties to justify. It would be the justice's duty to send the papers to the superior court on the sixth day, unless the notice excepting to the sufficiency of the sureties had been filed with him. Where such a notice is filed, the section should be construed as requiring the justice to hold the papers for a further period of five days to allow justification to be made.

In Idaho, the statute relating to the taking of exceptions to sureties on undertakings on appeal is practically identical with our statute. The supreme court of that state in the case of *Holcomb* v. *Reed,* 6 Idaho, 60, [46 Pac. 1019], used the following expression: "Under the provisions of section 3842 of the Revised Statutes, the adverse party may except to the sufficiency of the sureties on an undertaking on appeal. Said section does not in terms require notice of the filing of such exception to be served on appellant or his attorney. But professional courtesy and the better practice require such notice to be served."

Our conclusion is that a notice of exception to the sufficiency of the sureties on an undertaking on appeal from a justice's court, to be effective at all, must be filed with the justice; and that the adverse party is allowed five days after the filing of such notice of exception within which to submit his sureties before the justice for the purpose of having them justify. In this case the justification of the surety, if incomplete on May 18, 1910, was within time when made on May 23d.

The writ is denied.