[Civ. No. 1935.   Second Appellate District.—February 15, 1916.]

CHARLES R. McCARTY, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF LOS ANGELES, and the Honorable FRED H. TAFT, Judge Thereof, Respondents.

APPEAL FROM JUSTICE'S COURT—EXCEPTION TO SURETIES ON APPEAL BOND—NOTICE OF MUST BE FILED WITH JUSTICE.—A notice of exception to the sufficiency of sureties on an undertaking on appeal from a judgment of a justice's court, in order to be effectual, must be filed with the justice.

APPLICATION originally made in the District Court of Appeal for the Second Appellate District for a Writ of Prohibition to restrain the Superior Court of Los Angeles County from proceeding with the trial of a certain action on an appeal from the Justice's Court.

The facts are stated in the opinion of the court.

Niles Chapin Folsom, for Petitioner.

Pendell & Gleason, for Respondents.

JAMES, J.—Application has been made on the part of the petitioner for a writ of prohibition to restrain the superior court from proceeding with the trial of a certain action, taken

on appeal from the justice's court of Los Angeles township to said superior court, and in which this petitioner is the plaintiff. The action was commenced in the justice's court on the 23d of February, 1915, and judgment was thereafter rendered against one Leuschner, the defendant. The defendant gave notice of appeal and undertaking on appeal in the amount required by law. As ground for the writ here sought it is alleged that the sureties on the undertaking on appeal failed to justify after exception had been taken to their sufficiency, and that therefore, under the provisions of section 978a of the Code of Civil Procedure, the appeal should have been dismissed by the superior court. A motion was made in the superior court, asking for an order dismissing the appeal for want of jurisdiction in the court to hear the matter because of the failure of the sureties to justify. Upon the alternative writ issuing, an answer was filed on behalf of respondents herein. One of the disputed questions between the parties was as to whether in fact service of notice of exception to the sureties was made. The petitioner here contends that he made such service by delivering the notice of exception to the defendant in the justice's court action, and the defendant contends that, as attorneys had appeared for him at the trial of the action in the justice's court, they were entitled to have the notice of exception to the sureties served upon them; that otherwise such service would be ineffectual. The defendant in the justice's court action further contends that, even though it might be lawful to serve a notice of exception to sureties on an undertaking on appeal on a defendant in person, in fact such service was not made. However, we are of the opinion, as this court has heretofore decided, that a notice of exception to the sufficiency of sureties on an undertaking on appeal from a judgment of a justice's court, in order to be effectual, must be filed with the justice. (*Budd* v. *Superior Court,* 14 Cal. App. 256, [111 Pac. 628].) Nowhere in the petition filed herein is it set forth that the notice of exception to the sureties was ever filed with the justice, and referring to the certified copy of the justice's transcript which is attached to the answer of respondents, we find no record showing that any notice of exception was filed in the justice's court, or any papers at all referring to the sufficiency of the undertaking on appeal. In the case above cited, this court has intimated that it is not essential that such a notice of exception shall be served upon the party or his attorney, but that it must

be filed with the justice.   The reasons upon which that holding is based are quite fully set forth in the opinion.

The application for a peremptory writ is denied.

Conrey, P. J., and Shaw, J., concurred.