[Civ. No. 2100.     Second Appellate District.—August 1, 1916.]

FLETCHER COLLECTION AGENCY (a Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

JUSTICE'S COURT APPEAL—MOTION TO DISMISS—FAILURE OF SURETIES TO JUSTIFY—SERVICE OF NOTICE OF JUSTIFICATION.—Upon a motion made to dismiss a justice's court appeal upon the ground that the sureties on the undertaking on appeal did not justify in the manner and form required by law, the decision of the superior court upon conflicting affidavits as to when the notice of justification of the sureties was served, is not subject to review in the appellate court upon *certiorari* proceedings.

ID.—WAIVER OF JUSTIFICATION—FAILURE TO APPEAR.—Justification of sureties on an undertaking given on a justice's court appeal is waived where the party excepting to the sufficiency of the sureties fails to appear at the time and place mentioned in the notice of justification.

ID.—FILING OF NEW UNDERTAKING—PRIMA FACIE JUSTIFICATION.—The filing of a new undertaking on the day fixed for the justification of sureties, which has attached to it the requisite affidavit sworn to before the justice, establishes a *prima facie* justification.

ID.—APPEAL UPON QUESTION OF LAW—RECORD—STATEMENT OF GROUNDS. Jurisdiction of a justice's court appeal taken on questions of law alone is not lost by reason of the omission to include in the statement on appeal the grounds upon which the party appealing intended to rely.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the Second Appellate District to review an order of the Superior Court of Los Angeles County refusing to dismiss a Justice's Court appeal.

The facts are stated in the opinion of the court.

George P. Cook, for Petitioner.

Frank A. McDonald, for Respondents.

CONREY, P. J.—On application of the petitioner a writ of review was issued herein, to determine whether the defendant superior court has regularly pursued its authority in refusing to dismiss an appeal from the justice's court, in an action wherein the petitioner was plaintiff and Frank A. McDonald et al. were defendants. The facts are shown by the return filed herein.

After judgment in the justice's court, the defendants in that action filed notice of appeal on questions of law and filed their undertaking on appeal. On November 17, 1915, the plaintiff filed exceptions to the sureties on the appeal bond. On November 22, 1915, before 1 o'clock P. M., appellants served on the plaintiff a notice "that defendants will justify the sureties on the new appeal bond filed by them in the above-entitled case, and you will take further notice that defendants will file a new appeal bond in the above-entitled action on the 22d day of November, 1915, at the hour of 4:30 P. M., in Department F of the above-entitled court, at the courthouse in the city of Los Angeles, Cal." The plaintiff and its attorneys did not appear in the justice's court at the time specified. The justice's docket is silent as to justification by the sureties or as to any appearances by either party before the justice's court at the time specified in the notice of justification of sureties. But the undertaking filed on that day contains the statutory form of affidavit on an undertaking, with a certificate showing that it was subscribed and sworn to before the justice of the peace on that same day, November 22, 1915, and an indorsement was made thereon showing the filing of the undertaking on that day.

The papers on appeal having been duly transmitted to the superior court and filed therein, the plaintiff gave notice of motion to dismiss the appeal upon the grounds:

"1. That the sureties on the undertaking on appeal heretofore filed by said defendants did not justify in the manner and form required by law and in accordance with the provisions of section 978 of the Code of Civil Procedure.

"2. That the statement on appeal filed by said defendants does not state any grounds of appeal, as required by section 975 of the Code of Civil Procedure."

The motion was based upon the papers on file and affidavits. The affidavits were for the purpose of showing, and tended to show, that the notice of justification of sureties was not served until the next morning after the time for justification as specified in the notice. Counter-affidavits were filed positively affirming that the notice was served between 12 and 1 o'clock on the twenty-second day of November. For the purpose of determining the questions raised as to its jurisdiction to entertain the appeal, the superior court considered these conflicting affidavits, and determined that the notice was served on the 22d at the hour named in the appellants' affidavits. Therefore, as to that disputed fact we consider ourselves obliged to adopt the conclusion of the superior court.

On these facts respondents claim that the failure of the party excepting to the sufficiency of the sureties to appear at the time and place mentioned in the notice of justification was a waiver of such justification, and that the affidavit of the sureties before the justice, as shown on the undertaking itself, wherein they made oath that they were residents and householders and respectively worth the sum specified in the undertaking, etc., establishes a *prima facie* justification, and that nothing further was required under the circumstances here shown. We think that this contention should be sustained. It is directly supported by the decision in *Bank of Escondido* v. *Superior Court,* 106 Cal. 43, [39 Pac. 211], and in *Budd* v. *Superior Court,* 14 Cal. App. 256, [111 Pac. 628].

The other ground upon which petitioner rests his contention that the superior court exceeded its jurisdiction is that the statement on appeal does not contain the grounds upon which the parties appealing intended to rely, as required by section 975 of the Code of Civil Procedure. Assuming the statement to be insufficient as specified, it does not result that thereby the court was deprived of its appellate jurisdiction over the case. (*Rauer's Law & Collection Co.* v. *Superior Court,* 26 Cal. App. 289, [152 Pac. 957].)

The order of the superior court refusing to dismiss the appeal is affirmed.

James, J., and Shaw, J., concurred.