[Civ. No. 2312. Second Appellate District.—February 28, 1917.]

CONSOLIDATED LUMBER COMPANY (a Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

JUSTICE'S COURT APPEAL—EXCEPTION TO SURETIES ON UNDERTAKING— SERVICE AND FILING OF NOTICE.—Notice of exception to sureties on an undertaking on appeal from a justice's court must be served upon the appellant as well as filed with the justice, and the exception is not complete until both acts are performed.

APPLICATION for a Writ of Prohibition originally made to the District Court of Appeal for the Second Appellate District to restrain the hearing of a Justice's Court appeal.

The facts are stated in the opinion of the court.

McClure & Turner, for Petitioner.

H. E. Gleason, for Respondents.

THE COURT.—An alternative writ of prohibition was issued herein under which the respondent superior court was required to show cause why it should not be prohibited from proceeding further in a certain action entitled Consolidated Lumber Co. v. F. A. Shorey, where, after judgment in a justice's court, the defendant appealed to the said superior court.

Within five days after the defendant Shorey had filed in the justice's court his undertaking on appeal, the plaintiff filed in the justice's court a notice of exception to the sureties who executed the undertaking on appeal, but did not serve upon the defendant or his attorney any notice of such exception. No justification of sureties was had, and upon that ground the plaintiff moved the superior court to dismiss the appeal. The superior court denied the motion and has set down the case upon its calendar for trial.

Section 978a of the Code of Civil Procedure, referring to undertakings on appeal from justices' courts and the exceptions thereto, states that "the adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, and unless they or other sureties justify before the justice or judge within five days thereafter, upon notice to the adverse party, to the amounts stated in their

affidavits, the appeal must be regarded as if no such undertaking had been given.'' The same words were formerly contained in section 978. It will be observed that the statute is silent as to the manner in which the exception shall be taken, and if the matter had not been determined by decision, we would be inclined to hold that such exception might be taken in a justice's court orally, and that it would be sufficient to have the fact noted in the justice's docket without service or filing of any notice whatever. The corresponding provision (Code Civ. Proc., sec. 948), referring to exceptions to sureties on appeals from the superior court, in terms requires that notice of exception to sureties be served upon the appellant. The omission to state any such requirement in section 978a strongly argues that a less formal mode of exception was intended in the case of an appeal from a justice's court. However, this question was before the supreme court in *Reynolds* v. *County Court of San Joaquin County,* 47 Cal. 604, where the court said: ''The mere filing of such an exception with the justice of the peace after appeal taken does not seem to be authorized by the statute, and it is of course unreasonable to hold the appellant in default when he had no notice in law or fact, that further justification of sureties had been required by his adversary.'' In *Budd* v. *Superior Court,* 14 Cal. App. 256, [111 Pac. 628], this court held that the notice of exception to sureties must be filed with the justice and that no such exception will be deemed to be complete until such notice is filed. With that ruling and the reasons for it as there stated, we are satisfied; but it is not inconsistent therewith to further hold that the notice must be served upon the appellant. In *Budd* v. *Superior Court* it was intimated that such service upon the opposite party of the notice of exception to sureties is not essential, and we repeated that suggestion in *McCarty* v. *Superior Court,* 30 Cal. App. 1, [159 Pac. 736]. But in these decisions the only question directly at issue was upon the contention that the notice of exception must be filed. Basing our decision upon *Reynolds* v. *County Court of San Joaquin County,* 47 Cal. 604, we now hold and determine that the notice must be served as well as filed; but that the exception is not complete until both served and filed.

The alternative writ is discharged and petition for peremptory writ is denied.