[Civ. No. 3224. Fourth Dist. Jan. 30, 1943.]

ALICE BRADSHAW, Petitioner, v. THE SUPERIOR COURT OF SAN BERNARDINO COUNTY et al., Respondents.

Swing & Swing and Ralph E. Swing for Petitioner.

P. E. Bingman for Respondents.

GRIFFIN, J.— The question involved in this application grew out of an attempted appeal from the justice's court to the Superior Court of San Bernardino County. The action in the justice's court was one for claim and delivery of an automobile. The plaintiff, Fred A. Curl, sought to recover an automobile of the alleged value of $600 from the defendant Alice Bradshaw. The automobile was taken from defendant's possession under proceedings authorizing such action. The customary bond was given in the sum of $1,000. Judgment went for defendant for the return of the automobile and for $157 damages for loss of its use. Judgment was entered and notice of entry was given on October 22, 1942. On October 28, 1942, notice of appeal on questions of both fact and law was given and on that date filed. There-

after, on October 30, 1942, an undertaking on appeal was filed. It recited generally that the defendant secured judgment against the plaintiff in the sum of $157.50; that "the undersigned American Surety Company of New York and Fred A. Curl" jointly and severally undertake in the sum of $100 that the appellant will pay all costs which may be awarded against him on the appeal which we "acknowledge ourselves jointly and severally bound"; that the appellant claims a stay of proceedings and execution and "jointly and severally undertake . . . in the further sum of $415 (being twice the amount of said judgment, including costs)" that the appellant will pay the amount of the judgment so appealed from and all costs if the appeal be withdrawn or dismissed, or the amount of any judgment and all costs that may be recovered against him in the action in the superior court. The undertaking was signed "American Surety Company of N. Y., By Hiram N. Bracken, Attorney in Fact." The undertaking was not signed by Fred A. Curl. No *notice* of the *filing* of the *undertaking* was ever given to the defendant Bradshaw or her counsel. On appeal from the judgment in the justice's court action the records and files were duly transferred to and filed with the clerk of the superior court on November 13, 1942, 22 days after the rendition of the judgment and eight days before the expiration of the 30 days within which an appeal might be taken. On December 8, 1942, petitioner was first advised that the appeal, together with the undertaking and the records in the justice's court had been transmitted to and filed with the county clerk. On that day petitioner gave notice that she would, on the 14th day of December, 1942, move the superior court in which the appeal was then pending, for an order dismissing the appeal on the ground that it was ineffectual for any purpose and gave the superior court no jurisdiction thereof because no undertaking on appeal was filed as required by sections 978 and 978a of the Code of Civil Procedure, and on the further ground that no notice of the filing of any undertaking had been or was given petitioner, and that the justice's court had no authority to transmit the papers to the superior court, and that petitioner had no opportunity to except to the sufficiency of the undertaking and the sureties thereon. A copy of the notice of motion to dismiss, together with the copy of the affidavit filed therewith are attached to this petition. On December 19, 1942, the respondent superior court entered its order denying the motion to dismiss the appeal and

petitioner alleges that it threatens to and will proceed to hear the appeal upon its merits, and that the respondent superior court refuses to dismiss the appeal.

It is now claimed that it is the duty of respondent court to grant the motion and dismiss the appeal; that there is no appeal from the order denying said motion; that petitioner has no other plain, adequate or speedy remedy at law; that the court is without jurisdiction to determine its merits on the appeal; that the attempted appeal is ineffectual for any purpose due to the fact that no notice of the filing of the undertaking was given and no opportunity afforded petitioner to except to the sureties thereon or the sufficiency of the undertaking; and that since it purports to be an undertaking with two sureties and one of the sureties was the plaintiff in the action, it is void, citing *Keefe* v. *Superior Court,* 23 Cal.App. 750 [139 P. 899].

The question whether the failure to give notice of the filing of the undertaking under sections 978 and 978a of the Code of Civil Procedure, prior to the amendment of those sections in 1935 and 1937, was jurisdictional and rendered the appeal ineffectual, was presented in *Rigby* v. *Superior Court,* 162 Cal. 334 [122 P. 958], and it was there determined that it was not jurisdictional and did not render the appeal ineffectual. In discussing this question, in relation to the statute as it then read, the court said (p. 339):

"Section 974 declares how an appeal is to be taken. Notice of the filing of the undertaking is no part of the process there prescribed. Section 978 provides that an undertaking on appeal must be filed and that unless it is filed, the appeal is 'not effectual for any purpose.' Section 978a provides that 'notice of the filing of the undertaking must be given to respondent.' It does not specify whether such notice is to be given before the filing or after the filing, nor within what time, nor whether it is to be written or oral. No action by respondent is made to depend upon or follow the giving of this notice. The exception to the sureties seems to have no direct relation to or connection with this notice. It may be taken before or after any formal notice of the filing of the undertaking, provided it is taken within five days after such filing. There is no declaration that the failure to give this notice will render the appeal ineffectual, or that it will affect the appeal in any manner. The right of appeal is clearly given and the mode of taking it is clearly fixed by section 974. In view of the express declaration of

section 978 that if the undertaking is not filed the appeal becomes ineffectual for any purpose, the absence of any such provision with respect to the failure to give notice of such filing is significant, and it indicates that there was no intention to make such notice necessary to the validity of the appeal.'' (See, also, *W. P. Jeffries* v. *Superior Court,* 13 Cal. App. 193 [109 P. 147] ; *Blake* v. *Superior Court,* 17 Cal.App. 51 [118 P. 448].)

The amendment to section 978a in 1935 (Stats. 1935, p. 1962) and in 1937 (Stats. 1937, p. 627) made a change in reference to the right of notice of filing of the undertaking and the time within which respondent may except to the sufficiency of the sureties, which has a direct relation to the notice. Since the amendments it reads as follows (the new parts added by the amendments italicized and the eliminated parts are in parentheses) :

''The undertaking on appeal must be filed within five days after the filing of the notice of appeal and *written* notice of the filing of the undertaking must be (given) *served upon* the respondent, who may except to the sufficiency of the sureties within five days (after the filing of the undertaking) *after service of such notice. Unless within five days after notice of such exception,* the sureties excepted to, or other sureties, justify before the justice upon notice to the adverse party, to the amounts stated in their affidavits, the appeal must be regarded as if no such undertaking had been given. . . .''

In lieu of the last sentence the old section read: ''The adverse party may except to the sufficiency of the sureties within five days after *the filing of the undertaking,* and unless they or other sureties justify before the justice or judge within five days thereafter upon notice to the adverse party, to the amounts stated in their affidavits, the appeal must be regarded as if no such undertaking had been given.'' (Italics ours.)

The new requirement that the notice of the filing of the undertaking must be written and served upon the respondent rather than given the respondent would not, when considered alone, change the effect of the holding in the previous cases above quoted.

However, it should be observed, in considering the remaining portion of the amendment with the portion above discussed, that under section 978a, supra, prior to 1935, the adverse party might except to the sufficiency of the sureties

upon the undertaking on appeal "within five days after the filing of the undertaking." The section now provides that such exception may be taken "within five days after service" of such notice. Under the old provisions of the section, the time might run within which such exception to the sufficiency of the sureties might be taken before the respondent had any notice of the filing of the undertaking on appeal. This change in the section was manifestly a reasonable one and contemplated at least a step toward correcting the evils suggested in *Rigby* v. *Superior Court, supra,* page 338, and of having a "straw bond" imposed upon the respondent, without notice. The 1937 amendment to that section, as a part of this procedure, added the additional provision that where sureties excepted to failed to justify within five days after notice of failure of justification, a cash deposit may be made with the clerk of the court. The marked distinction between the present law and the old law, in addition to that which is hereinafter mentioned, is that under the old law the respondent knew that if he desired to except to the sufficiency of the sureties he must be diligent in searching the records to determine when the undertaking was filed, but after the present amendment he knew that his time to except to the sufficiency of the sureties would not start to run until he received written notice of the filing of the undertaking. In *American Surety Co.* v. *Superior Court,* 218 Cal. 377 [23 P.2d 508] [1933] it was said at page 379: ". . . the notice of filing the undertaking must be served on respondent, and his duty to inspect it and his right to except thereto do not arise until such notice is received."

It therefore appears by the amendment that the respondent is precluded from excepting to the sureties other than "within five days after service" of the written notice of filing the undertaking and that a respondent now knows that his time to except to the sufficiency of the sureties will not begin to run until he receives notice of the filing of the undertaking. The written notice of the filing of the undertaking and the opportunity to except to the sufficiency of the sureties are therefore intricate parts of the procedure by which jurisdiction is now vested in the superior court and although all of the deficiencies related in *Rigby* v. *Superior Court, supra,* above quoted, have not been met, and the Legislature has not specifically declared, which it might well have done if it so intended, that the failure to give such written notice of the filing of the undertaking causes the appeal to be ineffectual,

it does seem clear that if it did so intend it, the purpose of the amendment requiring *written* notice to be *served* and fixing the period within which the respondent might except to the sufficiency of the sureties, would not only afford an opportunity to the appellant to deprive respondent of his right to except to them, but would make the amendment of no particular benefit to the respondent, nor would it correct the evils to which complaint has been directed, i. e., to compel the respondent to be diligent and make daily inquiry as to whether a proper undertaking had been filed and also to prevent the filing of "straw bonds." We must therefore conclude that the amendments made subsequent to the rendition of the previous decisions disclose a legislative intent to require "written" notice of the filing of the undertaking to be "served" upon respondent, one of the necessary steps to perfect the appeal, for it is upon the service of such notice that the right of the respondent to except to the sufficiency of the sureties starts running. (*Peters* v. *Superior Court,* 31 Cal.App. 82 [159 P. 875] ; *McCracken* v. *Superior Court,* 86 Cal. 74, 78 [24 P. 845] ; *Bardwell* v. *Superior Court,* 137 Cal. App. 491, 493 [31 P.2d 401] ; *Golden Gate Tile Co.* v. *Superior Court,* 159 Cal. 474, 483 [114 P. 978].) ██ Corporations acting as sureties are subject to the same requirements as to justification as individuals. (*Fox* v. *Hale & Norcross S. M. Co.,* 97 Cal. 353 [32 P. 446].)

The motion to dismiss the appeal should have been granted. Writ granted according to the prayer of the petition.

Barnard, P. J., and Marks, J., concurred.