[L. A. No. 19630. In Bank. Sept. 24, 1946.]

L. A. STEWART, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Laurence B. Martin and Chauncey E. Snow for Petitioner.

Harold W. Kennedy, County Counsel, Douglas De Coster, Deputy County Counsel, Thomas P. Walker, Alfred R. Meyers and Michael M. Moser for Respondents.

SPENCE, J.—This is a proceeding in mandamus to compel the Superior Court of Los Angeles County to hear an appeal from the Justice's Court of El Monte Township.

Petitioner was the defendant in the justice's court action and judgment was rendered against him on November 3, 1944. He served and filed his notice of appeal to the superior court on November 29, 1944, and on December 1, 1944, he filed in the justice's court his undertaking on appeal. Some time later written notice of the filing of the undertaking was served upon plaintiff in the action. The date of such service is in dispute—December 29, 1944, according to petitioner's recital as against January 9, 1945, according to affidavit of plaintiff's counsel. Meanwhile, and on December 20, 1944, the case papers were duly transmitted to the superior court and on January 9, 1945, plaintiff moved therein to dismiss the appeal. The motion was denied. On November 16, 1945, the case was assigned for trial to respondent judge and the latter, upon motion of plaintiff, dismissed the appeal for lack of jurisdiction as related to the service of the written notice of the filing of the undertaking.

Petitioner maintains that he has followed the jurisdictional steps prescribed by the Code of Civil Procedure for taking the appeal, and that the dismissal of the appeal was therefore erroneous. His position is well taken under the undisputed facts.

Section 974 of the Code of Civil Procedure declares that an appeal may be taken from a justice's court to the superior court "at any time within thirty days after notice of the rendition of the judgment." Petitioner met this initial requirement "by filing a notice of appeal . . . and serving a copy" thereof 26 days after judgment was rendered. Section 978 provides that an undertaking on appeal must be filed and that unless it is filed, the appeal "is not effectual for any purpose." Section 978a requires such filing to be "within five days after the filing of the notice of appeal." Petitioner met this effectuating proviso by filing the undertaking two days after the filing of the notice of appeal. These are jurisdictional prerequisites and they must be done within the required time. (*McCracken* v. *Superior Court*, 86 Cal. 74, 75 [24 P. 845]; *Bardwell* v. *Superior Court*, 137 Cal.App. 491, 493 [31 P.2d 401].)

But distinguishing the statutory provision for the service of the notice of the filing of the undertaking is the absence of a time limit prescribed for said service. Thus section 978a,

so far as here pertinent, provides that "written notice of the filing of the undertaking must be served upon the respondent, who may except to the sufficiency of the sureties within five days after service of such notice. Unless within five days after notice of such exception, the sureties excepted to, or other sureties, justify before the justice upon notice to the adverse party, to the amounts stated in their affidavits, the appeal must be regarded as if no such undertaking had been given, . . ." The significance of this code provision, since its amendment in 1935, is the added protection it affords the respondent in the exercise of his right to except to the sufficiency of the sureties. Thus, prior to 1935, the section merely required that "notice of the filing of the undertaking must be given to the respondent"—accordingly, such notice could be oral or written and there was no requirement that it be served upon the respondent. (*Rigby* v. *Superior Court,* 162 Cal. 334, 339 [122 P. 958].) And, prior to 1935, the time limit of five days allowed the respondent for exception to the sufficiency of the sureties ran from the date of the *filing of the undertaking*—accordingly, the time might run within which such exception might be taken *before* the respondent had any notice of the filing of the undertaking. (*Rigby* v. *Superior Court, supra.*) The correction of these deficiencies in the old provisions—by correlating the respondent's *timely* right of exception with his receipt of notice of the filing of the undertaking and so eliminating his duty of searching the records to find when in the jurisdictional period the undertaking was filed—was manifestly a reasonable and appropriate procedural change.

Such statutory changes are to be construed with reference to the intention and purpose of their enactment; they will not be deemed jurisdictional unless the statute so declares, either expressly or by reasonable implication. As was said in *Rigby* v. *Superior Court, supra,* at page 339 : ". . . Provisions conferring the right of appeal and prescribing the procedure are remedial and should not be unduly hampered with constructive restrictions which will cast doubt upon the jurisdiction of the appellate court." So here the requirement for service of written notice of the filing of the undertaking and its identification with the respondent's right to except to the sufficiency of the sureties do not make such service a jurisdictional prerequisite. No fixed time limit is prescribed for making such service and it will not be interpolated contrary to legislative provision. (*Golden Gate Tile Co.* v. *Su-*

*perior Court,* 159 Cal. 474, 483 [114 P. 978].) Instead of becoming a step in perfecting the appeal, service of the specified notice appears still to remain a part of the collateral proceeding regulating the justification of the sureties. It serves to bring home to the respondent the knowledge that the appeal is already perfected and to invite the respondent to inspect the undertaking already filed in order to determine the sufficiency of the sureties executing it. At that time the respondent is accorded the full benefit intended by the statutory change in that he has five days thereafter to make his exception.

Contrary to these views is the case of *Bradshaw* v. *Superior Court,* 56 Cal.App.2d 934 [133 P.2d 639], where in ordering the dismissal of the appeal because of the appellant's failure to serve on the respondent written notice of the filing of the undertaking, the court stated at page 938: "The written notice of the filing of the undertaking and the opportunity to except to the sufficiency of the sureties are therefore intricate parts of the procedure by which *jurisdiction* is now vested in the superior court.'' (Emphasis added.) ▮ But the justification of the sureties is not a necessary step in taking an appeal. As above stated, an appeal is *taken* by *timely* filing and serving a notice of appeal (§ 974); it is *perfected* or *made effectual* by *timely* filing an undertaking "for the payment of the costs on the appeal." (§§ 978, 978a.) The qualification by the sureties, upon this undertaking, in the absence of exception, is a full and complete justification. A further justification may be required by the respondent by excepting to the sufficiency of the sureties. This further justification is a collateral proceeding in which the respondent may exercise a right granted him to determine the adequacy of the security given for his protection on the appeal. This right he may waive, and if he does, the appeal remains perfected and effectual under the undertaking as originally filed. (*W. P. Jeffries Co.* v. *Superior Court,* 13 Cal.App. 193, 197-198 [109 P. 147].) Consistent with our conclusion that service of the written notice of the filing of the undertaking is not jurisdictional, the case of *Bradshaw* v. *Superior Court, supra,* is hereby disapproved.

▮ Where a superior court erroneously dismisses an appeal on the theory that it has no jurisdiction, mandamus will lie to compel it to proceed to hear and decide the cause. (*Golden Gate Tile Co.* v. *Superior Court, supra,* 159 Cal. 474.)

Let the peremptory writ issue as prayed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.