[Civ. No. 6097. Fourth Dist. May 12, 1960.]

WALTER M. KEENE, Petitioner, v. SUPERIOR COURT OF KERN COUNTY, Respondent; FRED HARLING, Real Party in Interest.

H. G. Baron, Young, Wooldridge & Paulden and John M. Stanton for Petitioner.

No appearance for Respondent.

Edwin P. Jacobsen and George E. Steele for Real Party in Interest.

GRIFFIN, P. J.—Petitioner is the plaintiff and appellant in two companion cases, which he has appealed from the Maricopa-Taft Judicial District to the Kern County Superior Court. Petitioner refers to the court from which this appeal was perfected as both a municipal and a justice court. Certain exhibits refer to it as a justice court. We will consider this petition as if it involves an appeal from a justice court.

The judgments in the justice court action were rendered in favor of Fred Harling, defendant and real party in interest, and against plaintiff and petitioner Walter M. Keene. They were entered on June 22, 1959, and notice of rendition of judgment was served within the 30-day requirement of section 974, Code of Civil Procedure. Notice of appeal was filed in that court on July 2, 1959 and thereafter served on the real party in interest. Apparently the appeal was taken both on the law and the facts so as to require a trial de novo in the superior court. On July 2, 1959, petitioner filed an undertaking on appeal in the justice court. This filing was within the five-day requirement of section 978a, Code of Civil Procedure. Petitioner alleges that no written notice of the filing of the undertaking was *served* on the real party in interest as required by that section. In reply, it is indicated by the real party in interest that it was *served* on December 24, 1959, about six months after it was filed and after the action had been transferred to the superior court. Apparently service of notice of filing of the undertaking is not jurisdictional and the appeal must be considered perfected. (*Stewart* v. *Superior Court,* 29 Cal.2d 63 [172 P.2d 683].)

On November 21, 1959, the real party in interest served a notice of exception to sureties of the petitioner. This notice was never *filed.* Apparently the petitioner, through the county clerk, by letter dated November 24, 1959, applied for a hear-

ing in the superior court to justify his sureties, but this was refused since the notice of exception of sureties had not been filed with the court and accordingly no date could be set. A similar request was made on November 30, 1959. On that date the petitioner received notice of failure to justify sureties from the real party in interest and again, on December 1, 1959, the county clerk wrote to petitioner advising him that no notice of exception had been filed. Although section 978a does not specifically require that the notice of exceptions to sureties be filed with the court, cases contemplate that such a filing will be made. (*McCarty* v. *Superior Court,* 30 Cal. App. 1 [159 P. 736]; *Consolidated Lumber Co.* v. *Superior Court,* 33 Cal.App. 126 [164 P. 612]; *Budd* v. *Superior Court,* 14 Cal.App. 256 [111 P. 628].)

The real party in interest filed a motion and notice of motion to dismiss the appeal with the clerk of the superior court, to which there was attached as an exhibit a copy of the notice of exception to sureties, December 18, 1959. Petitioner thereafter served and filed a notice of intention to justify sureties on December 28, 1959. The hearing on the motion to dismiss the appeal was held on January 4, 1960, and was granted on January 15, 1960, with the following minute notation:

"There is no law providing for the justification of sureties on appeal bond in the superior court, and the $100.00 was not deposited with the Clerk of this Court."

 The confusion in this case arises out of the fact that petitioner failed to serve timely written notice of the filing of the undertaking upon the real party in interest as required by Code of Civil Procedure, section 978a. Since the Stewart case (*supra*), overruling a contrary holding in *Bradshaw* v. *Superior Court,* 56 Cal.App.2d 934 [133 P.2d 639], unequivocally holds that the justification of the sureties is a collateral proceeding and that service of the written notice of the filing of the undertaking is not jurisdictional, it must follow that the superior court had jurisdiction to consider the appeal. The only question which remains is whether the real party in interest properly excepted to the sureties and whether the petitioner thereafter failed to justify the sureties on his undertaking so as to authorize the superior court to dismiss the action on this ground. Determination of this question is complicated by the fact that the statutory written notice (if any) of the filing of the undertaking was not given until December 24, 1959. If it had been given when the undertaking was filed, the justice court would no doubt have properly

passed upon the sufficiency of the sureties before forwarding the papers in the action to the superior court. (*Budd* v. *Superior Court,* 14 Cal.App. 256, *supra.*)

It appears to us that the real party in interest should have filed his exceptions to the sureties as requested by the county clerk and the hearing as to the sufficiency of the sureties could then have been conducted in the superior court. ■ *Redlands etc. School District* v. *Superior Court,* 20 Cal.2d 348 [125 P.2d 490], holds that where an appeal is taken from a justice court upon questions of both fact and law, the new trial is conducted in all respects as any other trial in the superior court would be conducted and the same statutory provisions are applicable, except for the requirement of written findings and conclusions of law. Therefore, the superior court would have jurisdiction to consider the sufficiency of the undertaking and the justification of the sureties, as it would in any other similar matter. (Code Civ. Proc., § 1057; 3 Cal.Jur.2d 727, § 228.)

■ Under *Budd* v. *Superior Court, supra,* a party excepting to the sufficiency of sureties on an undertaking on appeal *must file* his *notice* of exception with the justice (or in the superior court as in the instant case) and no such exception will be deemed *complete* until such notice is *filed.* No such notice was filed in either court and the exception was not complete at the time of the ruling on the motion to dismiss. The dismissal was unauthorized.

Writ granted.

Coughlin, J., concurred.